BEDNARSKI, Plaintiff in error, v. STATE, Defendant in error.

*No. State 144. Argued January 6, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 668.)

792

For the plaintiff in error there was a brief and oral argument by *Franklyn M. Gimbel* of Milwaukee.

For the defendant in error the cause was argued by *Richard J. Boyd,* assistant attorney general, with whom on the brief was *Robert W. Warren,* attorney general.

BEILFUSS, J. The defendant raises two issues:

1. Was the evidence sufficient to sustain defendant's conviction for endangering safety by conduct regardless of life?

2. Does the interest of justice demand a new trial?

Sec. 941.30, Stats., provides:

"**Endangering safety by conduct regardless of life.** Whoever endangers another's safety by conduct imminently dangerous to another and evincing a depraved

mind, regardless of human life, may be fined not more than $1,000 or imprisoned not more than 5 years or both."

There are three elements that must be proved by the state in order to justify a conviction under this statute. *State v. Cassel* (1970), 48 Wis. 2d 619, 180 N. W. 2d 607. Those elements are, at page 626:

". . . (1) The conduct was imminently dangerous to another; (2) the conduct was of such a character it evinced a depraved mind regardless of human life; and (3) such conduct did endanger the safety of another. *See State v. Dolan* (1969), 44 Wis. 2d 68, 73, 170 N. W. 2d 822."

In *Austin v. State* (1971), 52 Wis. 2d 716–718, 190 N. W. 2d 887, this court stated:

"In *Lock v. State* (1966), 31 Wis. 2d 110, 114, 115, 142 N. W. 2d 183, we stated:
" 'We have said many times that when the question of the sufficiency of the evidence is presented on appeal in a criminal case the only question for this court is whether the evidence adduced, believed and rationally considered by the jury, was sufficient to prove the defendants' guilt beyond a reasonable doubt. *State v. Johnson* (1960), 11 Wis. (2d) 130, 137, 104 N. W. (2d) 379; *State v. John* (1960), 11 Wis. (2d) 1, 103 N. W. (2d) 304; *Parke v. State* (1931), 204 Wis. 443, 235 N. W. 775; *State v. Stevens* (1965), 26 Wis. (2d) 451, 132 N. W. (2d) 502. This ultimate test is the same whether the trier of the facts is a court or a jury. *State v. Waters* (1965), 28 Wis. (2d) 148, 135 N. W. (2d) 768; *Gauthier v. State* (1965), 28 Wis. (2d) 412, 137 N. W. (2d) 101. Invariably the briefs and arguments on this issue point to what the trier of the facts could have found or what this court should determine. The test is not whether this court is convinced of the guilt of the defendant beyond a reasonable doubt but whether this court can conclude the trier of the facts could, acting reasonably, be convinced to the required degree of certitude by the evidence which it had a right to believe and accept as true.
" 'The sufficiency test is often stated in terms of burden of proof, but it is not unusual to state the test in terms of

quantity of the evidence. See *State ex rel. Isham v. Mullally* (1961), 15 Wis. (2d) 249, 112 N. W. (2d) 701. Stating the rule conversely for the sake of clarity, the evidence when considered most favorably to the state and the conviction must be so insufficient in probative value and force that it can be said as a matter of law that no trier of the facts acting reasonably could be convinced to that degree of certitude which the law defines as "beyond a reasonable doubt." '

"We have set forth in *Lemerond v. State* (1969), 44 Wis. 2d 158, 162, 170 N. W. 2d 700:

" ' "The credibility of the witnesses is properly the function of the jury or the trier of fact, in this case the trial judge. It is only when the evidence that the trier of fact has relied upon is inherently or patently incredible that the appellate court will substitute its judgment for that of the fact finder, who has the great advantage of being present at the trial." *Gauthier v. State* (1965), 28 Wis. 2d 412, 416, 137 N. W. 2d 101, certiorari denied, 383 U. S. 916, 86 Sup. Ct. 910, 15 L. Ed. 2d 671.' "

An examination of the record, including a transcript of the trial of some 250 pages, clearly discloses that each of the three essential elements was adequately proven. Several witnesses testified and there is some dispute in the testimony. Those disputes, however, have been resolved by the jury by its verdict and we do not propose to retry the case as to matters of credibility of the witnesses and weight of the evidence, nor to discuss the evidence in any detail.

From testimony which the jury could deem to be credible, it could conclude the following:

On April 25, 1970, at about 9 p. m., the defendant was driving his 1961 Corvair on one of the public streets in the city of Milwaukee without lights and at a speed of 40 to 50 miles per hour. A police ambulance driver saw the defendant and his vehicle. The ambulance driver turned on his flashing red lights and siren and started to pursue the defendant. During the next several minutes the chase proceeded at high speeds, for city driving, in and around

several nearby streets. Two additional police squad cars and a police motorcycle driven by Officer John Pederson joined the pursuit. All had turned on their flashing red lights and sirens. On three occasions Officer Pederson came alongside the left side of defendant's car in an effort to induce him to stop. Each time the defendant turned his car to the left toward the motorcycle. On the first two occasions the officer dropped back to avoid a collision. On the third occasion, when Pederson was opposite the left front window of the defendant's car, he yelled at him to stop and told him he could not get away. The defendant looked directly at Pederson, and then again turned his car to the left and into Pederson's motorcycle. The turn was sharply to the left and around the corner. The motorcycle was struck, knocked down and dragged. Pederson was injured.

The defendant denies this version of the facts and claims he did not see nor hear Pederson. It is obvious the jury disbelieved him. It was within its province to do so. The trial judge stated the verdict "meets with my unqualified approval." This court likewise, from a review of the record, concludes that all of the necessary elements of the crime of endangering safety by conduct regardless of life have been sufficiently proven and that the verdict must be approved.

We further conclude that the defendant is not entitled to a new trial in the interest of justice under sec. 251.09, Stats., because there is nothing to convince us that justice probably miscarried. *State v. Cassel, supra,* page 627.

*By the Court.*—Judgment affirmed.