JOHNSON, Plaintiff in error, v. STATE, Defendant in error.

*No. State 165. Argued January 6, 1972.—Decided February 1, 1972.*
(Also reported in 193 N. W. 2d 659.)

788

For the plaintiff in error there was a brief and oral argument by *Beverly A. Temple* of Milwaukee.

For the defendant in error the cause was argued by *Robert D. Martinson*, assistant attorney general, with whom on the brief was *Robert W. Warren*, attorney general.

WILKIE, J. Two issues are raised on this review:

1. Did the circuit court err in not granting defendant's motion to dismiss when it refused to accept the guilty plea?

2. Was there sufficient credible evidence to support the conviction?

*Motion to dismiss.*

When the court refused to accept defendant's guilty plea because of her inability to admit an element of the offense, counsel for defendant moved to dismiss. No reasons were stated for that motion. It is now argued that the court erred in not granting that motion to

dismiss because the state had not shown a prima facie case.

Assuming that the motion was made with sufficient particularity, the circuit court was not obliged to dismiss the action when it refused to accept the guilty plea. When a plea of guilty is entered the court is required to determine if the plea is voluntary and if there is a factual basis for the plea.[1] If the defendant denies an element of the crime after pleading guilty the court is required to reject the plea of guilty.[2] The matter is then set for trial.

Thus, in the present case the proceedings following the plea of guilty were not designed to establish a prima facie case, they were designed to establish the voluntariness of the plea and the factual basis for the plea. If defendant's argument were correct, then all a criminal defendant would have to do is plead guilty and then subsequently deny an element of the crime. Under defendant's assertion that would entitle the defendant to dismissal. Such a result would be unjust and contrary to the public interest.

The trial court in this case followed the correct procedure on the plea of guilty. When the defendant denied an element of the offense, the court properly rejected the plea. Once the plea was rejected defendant then was required to stand trial on the charge. There was no error in denying defendant's motion to dismiss.

### Sufficiency of the evidence.

In reviewing defendant's contention that there was not sufficient credible evidence to support the conviction it must be remembered that on appeal all that must be shown is that there is any credible evidence which could convince the trier of fact of defendant's guilt beyond a reasonable doubt. The crime with which

[1] *Ernst v. State* (1969), 43 Wis. 2d 661, 170 N. W. 2d 713.

[2] *State v. Stuart* (1971), 50 Wis. 2d 66, 183 N. W. 2d 155.

defendant was charged, uttering a forged check, has two elements: first, that the person utter as genuine or possess with intent to utter as false or genuine any forged writing, and second, that the person know that the writing has been falsely made or altered, sec. 943.38 (2), Stats.

In the present case defendant endorsed a forged check made payable to her. There is no question but that the check passed by defendant was stolen and forged. The issue raised is whether the evidence demonstrated that she knew the check was forged. There was a conflict in testimony. A police detective testified that defendant, after waiving her constitutional rights, had admitted that she knew the check was forged. Defendant denied this knowledge. Thus the question is simply one of credibility. The trial court believed the police officer and disbelieved the defendant. We have no doubt that the testimony of the police officer, if believed, was sufficient to prove the second element of crime beyond a reasonable doubt. There is clearly sufficient evidence to support the conviction.

*By the Court.*—Judgment affirmed.