BROADIE, Plaintiff in error, v. STATE, Defendant in error.

*No. State 178.   Argued April 9, 1975.—Decided May 6, 1975.*
(Also reported in 228 N. W. 2d 687.)

For the plaintiff in error there was a brief by *Laurence E. Norton II,* and oral argument by *David S. Berman,* both of the Legal Aid Society of Milwaukee.

For the defendant in error the cause was argued by *E. Michael McCann,* Milwaukee county district attorney, with whom on the brief was *Bronson C. La Follette,* attorney general, and *Charles S. Blumenfield,* assistant district attorney.

HANLEY, J. Two issues are presented upon this appeal:

1. Was a sufficient factual basis presented to the lower court for the acceptance of the defendant's negotiated plea of guilty to the amended charge of endangering safety by conduct regardless of life, contrary to sec. 941.30, Stats?

2. Was a manifest injustice established so that defendant should have been allowed to withdraw his plea of guilty?

*Sufficiency of evidence.*

The sole basis for the defendant's claim that a manifest injustice resulted from the acceptance of his plea of guilty is that the factual basis presented to the court was not sufficient to indicate that the defendant's conduct constituted the offense charged to which he pled guilty. *Ernst v. State* (1969), 43 Wis. 2d 661, 674, 170 N. W. 2d 713, made six standards mandatory on trial courts accepting guilty pleas. The sixth standard is that the trial judge should personally determine that the conduct which the defendant admits constitutes the offense charged or an offense included therein to which the defendant has pleaded guilty. This standard is now required by sec. 971.08 (1) (b), Stats.

"The purpose of the statutory requirement for a court inquiry as to basic facts is to protect the defendant who pleads guilty voluntarily and understanding the charge brought but not realizing that his conduct does not actually fall within the statutory definition of the charge. What is required is a sufficient postplea inquiry to determine to the court's satisfaction that the facts, if proved, 'constitute the offense charged and whether the defendant's conduct does not amount to a defense.' " *Morones v. State* (1973), 61 Wis. 2d 544, 552, 213 N. W. 2d 31.

Where the trial court has concluded that the evidence did provide a sufficient factual basis to support the plea, this court will not upset these factual findings unless they are contrary to the great weight and clear preponderance of the evidence. *State v. Bagnall* (1973), 61 Wis. 2d 297, 310, 212 N. W. 2d 122. Where as here, the guilty plea is pursuant to a plea bargain, the court need not go to the same length to determine whether the facts would sustain the charge as it would where there is no

negotiated plea. *Wilson v. State* (1973), 57 Wis. 2d 508, 513, 204 N. W. 2d 508.

The defendant pled guilty and was found guilty of violating sec. 941.30, Stats., endangering safety by conduct regardless of life. That section provides:

> "Whoever endangers another's safety by conduct imminently dangerous to another and evincing a depraved mind, regardless of human life, may be fined not more than $1,000 or imprisoned not more than 5 years or both."

There are three elements of this crime: (1) The conduct must be imminently dangerous to another; (2) the conduct must be of such a character as to evince a depraved mind regardless of human life; and (3) the conduct must endanger the safety of another. *Bednarski v. State* (1972), 53 Wis. 2d 791, 193 N. W. 2d 668.

The element which defendant argues was not established is the first element that the conduct be "imminently dangerous to another." In discussing the elements of this crime in *State v. Dolan* (1969), 44 Wis. 2d 68, 72, 170 N. W. 2d 822, this court said:

> ". . . This section creates a separate crime of endangering a person's life by conduct which is of such a nature as normally would cause or be likely to cause or result in death and which is performed with the general intention to do harm without concern whether such harm would result in death; but it is not necessary that there be the specific intent to harm a particular person. Thus the conduct, including the instrumentality if one is used, must have the potentiality of causing death but such death may not be intended."

In *Dolan*, the defendant had chased another man into a tavern with a butcher knife in his hand. The tavern's owner attempted to calm the defendant, but the defendant poked the owner in the stomach with the knife and told him to "butt out." The owner took the knife but was

knocked to the floor by the defendant. Another knife was grabbed by the defendant which he put to the owner's throat telling him to give back the knife or he would cut his throat. After getting his knife back, the defendant left the tavern in pursuit of the man he had initially been chasing. This court upheld the conviction. There was no injury to the victim but the evidence showed the requisite elements of the crime.

In the instant case, the conduct of the defendant was as "imminently dangerous" to an elderly woman as was the conduct of the defendant in *Dolan*. The fact that a young man, admittedly strong and "real mighty," had his hands around the woman's throat, rather than a knife to it, does not make it less imminently dangerous. In addition, the danger of the situation was further increased by the fact that since the attack took place in the street, the victim might well have been struck by an automobile while defending herself. Here, if the defendant had not been chased away by several other men, he may well have done further harm to his victim.

We are satisfied that the established facts provide a sufficient basis for the trial court's acceptance of the defendant's guilty plea. Therefore, we do not reach the second issue.

*By the Court.*—Judgment and order affirmed.