STATE of Wisconsin, Plaintiff-Respondent,

v.

Randy Scott JOHNSON, Defendant-Appellant.†

Court of Appeals'

*Nos. 81-740-CR, 81-741-CR. Submitted on briefs November 11, 1981.—Decided December 21, 1981.*
(Also reported in 314 N.W.2d 897.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Peter J. Salza* and *James K. Muehlbauer* of *Salza & Schiro, Ltd.*

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Andrew L. Somers, Jr.,* assistant attorney general.

Before Decker, C.J., Moser, P.J., and Randa, J.

DECKER, C.J. This appeal concerns the validity of an *Alford* plea[1] in Wisconsin, and the trial court's refusal to allow post-sentence withdrawal of such a plea in this case. We affirm because we conclude that an *Alford* plea is valid in Wisconsin, the trial court properly accepted the *Alford* plea entered in this case, the trial court did not abuse its discretion in finding no manifest injustice necessitating post-sentencing withdrawal of the plea, and the sentence was based on proper factors.

In 1979 defendant was tried for armed robbery and attempted murder arising out of a 1978 armed robbery

---

[1] This conditional guilty plea, where a defendant pleads guilty to a charge but protests his innocence, derives its name from *North Carolina v. Alford,* 400 U.S. 25 (1970), and is discussed in the *"Alford* Pleas in Wisconsin" section of this opinion, *infra.*

of a local grocery store in which the 71-year old proprietor was severely beaten with an ax. The jury was unable to reach a unanimous verdict, and a retrial was ultimately set for 1980.[2] In 1980, while free on bail pending retrial on the 1978 charges, defendant killed a motorist during a high speed chase with police, resulting in charges of homicide by reckless conduct, fleeing an officer, and operating a vehicle after revocation. Defendant admitted guilt as to the 1980 auto chase charges, but continuously claimed innocence as to the 1978 grocery store charges, maintaining he was mistakenly identified.

When defendant was arraigned on the 1980 charges he informed the trial court that as a result of a plea negotiation with the state regarding both the 1978 and 1980 charges, he would plead guilty to the 1980 charges and enter an *Alford* plea as to the 1978 charges, in which he would plead guilty but maintain his claim of innocence.[3] In return, the state agreed that it would not object to concurrent sentences and would not recommend any specific number of years of incarceration. The trial court accepted the pleas[4] and sentenced defendant to concurrent 6 month terms on the 1980 charges, consecutive to concurrent 17 year terms on the 1978 charges.

After sentencing, defendant filed motions to withdraw his pleas and set aside the judgments of conviction, or in the alternative, for reconsideration and modification of sentence. Defendant appeals from the judgment of conviction and the order denying these motions, arguing:

---

[2] The record indicates that after the jury informed the trial court that they were deadlocked, the court declared a mistrial and ordered the case continued for further proceedings.

[3] *See* note 1, *supra.*

[4] The record reflects that defendant in fact plead no contest to the 1980 charges. This appeal does not concern that plea or those charges.

(1) *Ernst v. State*[5] and its progeny preclude acceptance in Wisconsin of an *Alford* plea under any circumstances;

(2) Even if an *Alford* plea is acceptable in Wisconsin in the appropriate case, there is no basis for acceptance of an *Alford* plea in this case;

(3) Manifest injustice necessitates withdrawal of defendant's *Alford* plea because defendant was misled as to its effect; and

(4) The sentences given are excessive and based on improper factors.

## *ALFORD* PLEAS IN WISCONSIN

Defendant argues that Wisconsin case law has established a higher standard for acceptance of guilty pleas than that recognized in *North Carolina v. Alford*, 400 U.S. 25 (1970).

In *Alford,* the United States Supreme Court held that a guilty plea can be accepted even when accompanied by protestations of innocence. In such a case, the plea constitutes only a waiver of trial and not an admission of guilt:

[W]hile most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime. *Id.* at 37.

The Wisconsin Supreme Court has repeatedly held that in Wisconsin a guilty plea must be rejected unless

---

[5] 43 Wis. 2d 661, 170 N.W.2d 713 (1969).

the trial court determines "that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty." *Ernst v. State*, 43 Wis. 2d 661, 673 & 674, 170 N.W.2d 713, 718 & 719 (1969), cited in *Johnson v. State*, 53 Wis. 2d 787, 790 n. 1, 193 N.W.2d 659, 661 n. 1 (1972), and *State v. Stuart*, 50 Wis. 2d 66, 72, 183 N.W.2d 155, 158 (1971). Defendant contends that the holdings of *Ernst v. State* and *Alford* are irreconcilable,[6] and that *Ernst v. State* and its progeny represent a higher standard for acceptance of guilty pleas precluding acceptance of an *Alford* plea in Wisconsin. We find no irreconcilable difference and reject defendant's contention.

*Ernst v. State* was a response to *Boykin v. Alabama*, 395 U.S. 238 (1969), in which the United States Supreme Court required, as a matter of federal constitutional law, that states apply the standards of F.R. Crim. P. 11 in accepting guilty pleas. *Ernst v. State, supra*, 43 Wis. 2d at 672, 170 N.W.2d at 718. To comply with the mandate of *Boykin*, our supreme court added to existing Wisconsin procedure for acceptance of guilty pleas the factual basis requirement of Rule 11 (f), the standard quoted above and relied on by defendant. *Id.* at 673 & 674, 170 N.W.2d at 718 & 719. The *Ernst* formulation of Rule 11 (f) was in response to the typical fact situation where the defendant pleads guilty and admits to conduct constituting the offense charged. Our supreme court was not considering the situation where the defendant attempts to enter a conditional guilty plea.

*Boykin v. Alabama* was cited by the United States Supreme Court in *Alford*, and we will not assume that

---

[6] Defendant candidly admits, however, that *North Carolina v. Alford* has been cited with apparent approval in "a number of Wisconsin cases," *e.g., Morones v. State*, 61 Wis. 2d 544, 551 n. 12, 213 N.W.2d 31, 35 n. 12 (1973), and *State v. Chabonian*, 55 Wis. 2d 723, 729–30, 201 N.W.2d 25, 28–29 (1972).

the Court ignored its teachings in *Boykin* when it concluded that North Carolina could accept Alford's conditional plea. The Court emphasized that the record before the North Carolina court contained strong evidence of guilt, which supplied a "strong factual basis" for the guilty plea and "substantially negated [the defendant's] claim of innocence." *North Carolina v. Alford, supra,* 400 U.S. at 37–38.

Federal circuit courts have had no difficulty reconciling the factual basis requirement of F.R. Crim. P. 11(f) with *Alford* pleas. In *United States v. Davis,* 516 F.2d 574 (7th Cir. 1975), the Seventh Circuit Court of Appeals rejected the argument now before us:

An acknowledgement of the truth of all the facts essential to guilt [is] not . . . necessary to satisfy the factual-basis requirement of Rule 11.

. . . .

. . . .

The requirement that there be a factual basis for the plea is satisfied, . . . . despite the defendant's denial of guilt, *if the judge determines from the prosecutor's recital of the evidence the government will offer that proof of guilt is strong. Id.* at 577–78 (emphasis added). *Accord, United States v. Beck,* 606 F.2d 814 (8th Cir. 1979) ; *United States v. Gaskins,* 485 F.2d 1046 (D.C. Cir. 1973).

We conclude that in Wisconsin a trial court can accept an *Alford* plea of guilty without violating the factual basis rule of *Ernst v. State* where, despite defendant's protestations of innocence, the trial court determines that the prosecutor's summary of the evidence the state would offer at trial is strong proof of guilt.

## *ALFORD* PLEA IN THIS CASE

Defendant argues that even if acceptance of *Alford* pleas is constitutionally permissible in Wisconsin, there

was an insufficient factual basis in this case for acceptance of the plea. We reject that conclusion.

The record in this case indicates that a sufficient factual basis was established at the plea proceeding to substantially negate defendant's claim of innocence. The assistant district attorney stated that if the charges arising out of the 1978 incident had gone to trial, the state would have proven that on the day in question:

(1) defendant entered the victim's grocery store and struck the victim in the head with an object causing severe injuries;

(2) the victim was struck repeatedly about his head with the object;

(3) defendant then took money from the cash register and the victim's wallet; and

(4) defendant fled.

In response to an inquiry by the trial court, the defendant acknowledged that the prosecutor's summary was substantially true and correct. The trial court then found "that there is reason for the plea" and accepted the plea and convicted defendant of the 1978 charges. The trial court thus found a factual basis for the plea, and we believe that its conclusion of "factual basis" was equivalent to a finding that the proof of guilt was strong.

We find no contradiction between such a conclusion and the trial court's earlier statement that had the first trial been to the court, it would have found the defendant not guilty, because "strong proof of guilt" to support an *Alford* plea is not the equivalent of proof beyond a reasonable doubt.

We have also reviewed the evidence adduced at the jury trial. Although the jury could not agree upon a unanimous verdict, we view the record as "strong proof of guilt" and corroborative of the trial court's conclusion that there is reason for the plea. Similarly, there

is no contradiction between the jury's failure to reach a unanimous verdict and the conclusion that the record contains strong proof of guilt because of the difference in the standards of proof.

As noted earlier, the Seventh Circuit Court of Appeals has upheld acceptance of an *Alford* plea where the trial court determined, from the prosecutor's recital of the evidence the government would offer, that the proof of guilt is strong. *United States v. Davis, supra,* 516 F.2d at 578. *Accord, United States v. Beck, supra,* 606 F.2d at 815–16; *United States v. Gaskins, supra,* 485 F.2d at 1047 n. 5 & 1049. The prosecutor's recital of the evidence in this case indicates that the state could prove all of the elements of the crimes charged, and is sufficient to negate defendant's protestation of innocence, which was solely based upon defense counsel's statement that defendant "has constantly and always denied any involvement to me in the [1978 incident.]" The trial court did not err in accepting defendant's *Alford* plea in this case.[7]

## WITHDRAWAL OF PLEA

As noted earlier, defendant's *Alford* plea was entered pursuant to a plea bargain outlined to the trial court at

[7] *See Broadie v. State,* 68 Wis. 2d 423–24, 228 N.W.2d 687, 689 (1975) (citations omitted):

Where the trial court has concluded that the evidence did provide a sufficient factual basis to support the plea, this court will not upset these factual findings unless they are contrary to the great weight and clear preponderance of the evidence. . . . . Where as here, the guilty plea is pursuant to a plea bargain, the court need not go to the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea. . . . .

We also note that in such a situation, the factual basis need not be established beyond a reasonable doubt. *Spinella v. State,* 85 Wis. 2d 494, 499, 271 N.W.2d 91, 94 (1978).

the plea acceptance hearing. In return for defendant's plea, the state agreed that it would not object to concurrent sentences and would not recommend any specific number of years of incarceration. The defendant acknowledged that this was his understanding of the plea bargain, entered his *Alford* plea as to the 1978 charges, and answered negatively to the trial court's inquiry of whether anyone had threatened defendant, promised him anything, or forced him to enter the plea. He further answered that he understood the plea negotiations between his attorney and the prosecutor, that the trial court was not bound by the plea negotiations and could impose the maximum penalty allowed by law, and that the trial court could impose a penalty of 20 years imprisonment on each of the 1978 charges. Defense attorneys answered that they were satisfied that defendant was entering his pleas voluntarily and understood the nature of the charges and the implications of his pleas.

It is undisputed that the prosecutor during sentencing arguments complied with the plea bargain outlined to the trial court, that the plea bargain as outlined was primarily beneficial to defendant, and that defendant was in fact sentenced to concurrent 17-year terms on the 1978 charges.

Nonetheless, defendant contends that the trial court erred in not allowing him to withdraw his guilty pleas. "When a motion to withdraw a plea is made after sentencing, the defendant has the burden of showing by clear and convincing evidence that the withdrawal of the plea is necessary to correct a manifest injustice." *State v. Schill*, 93 Wis. 2d 361, 383, 286 N.W.2d 836, 847 (1980).

Defendant's motion stated, *inter alia*, that defendant should be allowed to withdraw his *Alford* plea because

it "was the result of erroneous instructions to him." Defendant's accompanying affidavit stated that:

[T]he basis for my decision to enter the Alford plea was representations made by JUDGE KESSLER to my attorneys that JUDGE KESSLER would have found me not guilty had they tried the case to the Court. Because of this fact I was led to believe that the Judge would consider this in sentencing, which he did not.

The trial court conducted a hearing regarding these allegations at which defendant did not testify, and no other supporting evidence was offered. Defense counsel told the court:

Now, one of the prime reasons that the defendant entered this plea was one of the considerations that I had told him in my discussion with him. At the time that the jury trial of the hung jury was completed, we had a discussion in chambers, Your Honor. The discussion, in sum and substance, was basically that it was a close case and that, in your opinion, if the case was tried to the Court, you would have found the defendant not guilty. I discussed this with the defendant. And I said, considering all the ramifications, considering the fact that you've got this other charge, considering the fact that you could be found guilty and considering the fact about the Court's viewpoint at the time of the first trial, I think you should really consider entering a plea in this case. That, coupled with the *Alford* type situation and also [the victim's] age, which was a big factor. And [defendant] realized that and expressed a concern about that; putting him through that type of a strain, along with the fact that the District Attorney's Office had no objection to a concurrent sentence, [defendant] entered a plea.

The assistant state public defender corroborated the in-chambers discussion, which the trial court freely admitted.

This record falls far short of establishing manifest injustice by clear and convincing evidence. It was not

error for defense counsel to advise defendant to consider the trial court's prior statement in regard to the defendant's degree of culpability. Degree of culpability of the defendant is a proper sentencing factor in Wisconsin which the trial court may, in its discretion, consider. *Harris v. State,* 75 Wis. 2d 513, 519–20, 250 N.W.2d 7, 11 (1977). Defendant and his attorneys did not err in considering this during plea negotiations.

Even assuming that defense counsel held out hope that the trial court would sentence defendant lightly because of the court's in-chambers remarks, the above-quoted statement of defense counsel indicates that the plea was based on several other considerations, and the record does not support a finding that any promises were made to defendant, *see Johnson v. State,* 49 Wis. 2d 455, 460, 182 N.W.2d 502, 504 (1971), or that he was led to believe that the trial court was a participant in the plea negotiations. *See Seybold v. State,* 61 Wis. 2d 227, 230, 212 N.W.2d 146, 147 (1973). *See also Smith v. State,* 85 Wis. 2d 650, 660, 271 N.W.2d 20, 24 (1978). Defendant has failed to meet his burden of proof. No manifest injustice has been shown by clear and convincing evidence.

Defendant argues that the plea acceptance procedure was improper because the trial court never asked defendant "whether he was admitting to being guilty of the [1978] charges." This argument is without merit for two reasons. First, the record reflects that despite the professed *Alford* nature of defendant's guilty plea as to the 1978 charges, defendant answered "yes" to the trial court's question, "Do you understand that by entering a plea of guilty to those charges that that constitutes an admission that you committed the offense?" Second, in a true *Alford* situation, such a question is immaterial other than to give the defendant the opportunity to pro-

test his innocence. Defense counsel clearly represented defendant's protestation of innocence to the trial court.

## ABUSE OF DISCRETION IN SENTENCING

Defendant contends that the trial court abused its discretion in sentencing because it relied on inaccurate information as to defendant's prior juvenile record, and because the length of the sentence given was "an abuse under all recognized sentencing standards." We reject this contention.

Defendant claims that the trial court improperly considered a series of juvenile offenses which had not resulted in convictions. The trial court did not consider defendant's juvenile contact sheet as a list of juvenile convictions rather than as a series list of contacts with juvenile authorities. The trial court commented on its "opportunity to review [defendant's] *contact sheet.*" [Emphasis added.] A "long history of juvenile contacts" can properly be considered in sentencing an adult offender. *State v. Stuhr,* 92 Wis. 2d 46, 50, 284 N.W.2d 459, 460 (Ct. App. 1979).

Defendant argues that his concurrent sentences of 17 out of a possible 20 years for the 1978 charges represents an abuse of discretion in light of his age at the time of the offenses, 16, and at the time of sentencing, 18. Defendant's age is but one of multiple factors which a trial court may consider in imposing sentence, *see Harris v. State, supra,* 75 Wis. 2d at 519–20, 250 N.W.2d at 11, and the weight to be attached to each sentencing factor "is a determination particularly within the wide discretion of the trial court." *Id.* at 520, 250 N.W.2d at 11. The record reflects sentences based on consideration of relevant sentencing factors articulated by the trial court.

The trial court commented on the vicious nature of the 1978 offenses and defendant's extensive history of anti-social behavior. The trial court stated that failure to impose confinement would unduly depreciate the serious-ness of the offenses in the eyes of the public, and that substantial confinement was needed for protection of the public and rehabilitation of defendant. These factors are relevant in Wisconsin. *See, e.g., Harris v. State, supra.* We find no abuse of discretion.

*By the Court.*—Judgment and order affirmed.