STATE of Wisconsin, Plaintiff-Respondent,

v.

George SMITH, Defendant-Appellant-Petitioner.

Supreme Court

*No. 94–2894–CR. Oral argument April 30, 1996.—Decided June 14, 1996.*

(Also reported in 549 N.W.2d 232.)

For the defendant-appellant-petitioner there was a brief and oral argument by *Donna L. Hintze*, assistant state public defender.

For the plaintiff-respondent the cause was argued by *Thomas J. Balistreri*, assistant attorney general, with whom on the brief was *James E. Doyle*, attorney general.

DONALD W. STEINMETZ, J. The issue presented in this case is whether a defendant, as part of a plea agreement with the State, can enter an *Alford*[1] plea to a crime which was legally impossible for the defendant to have committed. We hold that in order to accept an *Alford* plea, even in the context of a plea agreement, a court must find that there is strong proof of guilt as to each element of the crime to which the defendant is pleading. Since it was legally impossible in this case for the defendant to have committed the crime to which he entered an *Alford* plea, the trial court could not have found strong proof of guilt that the crime was committed.

The facts leading to this review of the court of appeals decision are not in dispute. While on parole, the defendant was charged with second-degree sexual assault pursuant to Wis. Stat. § 940.225(2)(a).[2] Specifically, it was alleged that on December 7, 1993, the defendant, through use of or threat of force, had sexual contact with a 16-year-old female without her consent. The defendant waived his preliminary hearing and entered an *Alford* plea on February 22, 1994, to the amended charge of child enticement, Wis. Stat.

---

[1] *Alford* pleas are named after the defendant in the United States Supreme Court case which first upheld their constitutionality. *See North Carolina v. Alford*, 400 U.S. 25 (1970). An *Alford* plea "is a guilty plea in which the defendant pleads guilty while either maintaining his innocence or not admitting having committed the crime." *State v. Garcia*, 192 Wis. 2d 845, 856, 532 N.W.2d 111 (1995).

[2] Wis. Stat. § 940.225(2)(a) provides as follows:

(2) Second degree sexual assault. Whoever does any of the following is guilty of a Class C felony:

(a) Has sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence.

§ 948.07(1),[3] in Milwaukee County Circuit Court before the Honorable Jeffrey A. Wagner. The defendant entered this plea as part of a plea agreement with the State. In return, the State agreed to recommend that the defendant's prison sentence run concurrently with the sentence he would receive as a result of his parole revocation. The court accepted the State's recommendation and on March 2, 1994, the defendant was sentenced to ten years in prison.

On July 29, 1994, the defendant moved to withdraw his *Alford* plea, alleging that there was no factual basis to support the charge since child enticement requires the victim to be less than 16 years of age. The trial court denied the defendant's motion to withdraw. The court of appeals, in an unpublished opinion (Sullivan, J., concurring and Schudson, J., dissenting), reluctantly affirmed, deeming itself bound by the decision in *State v. Harrell*, 182 Wis. 2d 408, 513 N.W.2d 676 (Ct. App. 1994). Under *Harrell*, a defendant can enter a no contest or guilty plea to any crime which is reasonably related to a more serious crime for which a factual basis exists, even if a "true greater- and lesser-included offense relationship does not exist" between the two offenses. *Id.* at 419. The court of appeals concluded that since the crime of child enticement was

---

[3] Wis. Stat. § 948.07(1) provides as follows:

**948.07   Child enticement.** Whoever, with intent to commit any of the following acts, causes or attempts to cause any child who has not attained the age of 18 years to go into any vehicle, building, room or secluded place is guilty of a Class C felony:

   **(1)**   Having sexual contact or sexual intercourse with the child in violation of s. 948.02.

Wis. Stat. § 948.02(2) provides: "Whoever has sexual contact or sexual intercourse with a person who has not attained the age of 16 years is guilty of a Class C felony."

reasonably related to the original offense of sexual assault, the trial court did not commit error in not allowing the plea to be withdrawn.

Withdrawal of a plea following sentencing is not allowed unless it is necessary to correct a manifest injustice. *See State v. Rock*, 92 Wis. 2d 554, 558-59, 285 N.W.2d 739 (1979). Historically, one type of manifest injustice is the failure of the trial court to establish a sufficient factual basis that the defendant committed the offense to which he or she pleads. *See White v. State*, 85 Wis. 2d 485, 488, 271 N.W.2d 97 (1978). When the plea entered is an *Alford* plea, the factual basis is deemed sufficient only if there is strong proof of guilt that the defendant committed the crime to which the defendant pleads. *See North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970); *State v. Garcia*, 192 Wis. 2d 845, 857-58, 532 N.W.2d 111 (1995); *State v. Johnson*, 105 Wis. 2d 657, 663, 314 N.W.2d 897 (Ct. App. 1981). However, in the context of a negotiated guilty plea, this court has held that a court "need not go to the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea." *See Broadie v. State*, 68 Wis. 2d 420, 423-24, 228 N.W.2d 687 (1975). The determination of the existence of a sufficient factual basis lies within the discretion of the trial court and will not be overturned unless it is clearly erroneous. *See Broadie*, 68 Wis. 2d at 423.

Before accepting a guilty plea or a plea of no contest, the trial court must ascertain "that the defendant in fact committed the crime charged." Wis. Stat. § 971.08(1)(b).[4] Although *Alford* pleas are not men-

---

[4] Wis. Stat. § 971.08(1)(b) provides as follows:

25

tioned in the statute, this court has specifically made the procedural safeguards of Wis. Stat. § 971.08 applicable to such pleas. *Garcia*, 192 Wis. 2d at 856, 860. Subsection (1)(b) requires a court to establish a sufficient factual basis that the defendant committed the crime to which he or she is pleading. *See State v. Bangert*, 131 Wis. 2d 246, 262, 389 N.W.2d 12 (1986).[5] In an *Alford* plea, a trial court is required to find a sufficient factual basis, *i.e.*, strong evidence of guilt, in order to conclude that the defendant committed the crime to which he or she is entering the plea. In *Johnson*, the court of appeals stated:

> The prosecutor's recital of the evidence in this case indicates that the state could prove *all* of the elements of the crimes charged, and is sufficient to negate defendant's protestation of innocence, which was solely based upon defense counsel's statement that defendant 'has constantly and always denied any involvement to me in the [. . . incident].' (emphasis added.)

*Johnson*, 105 Wis. 2d at 665. If there is no evidence as to one of the elements of the crime, the defendant's *Alford* plea cannot be accepted and the factual basis requirement cannot be met.

---

**971.08  Pleas of guilty and no contest; withdrawal thereof. (1)** Before the court accepts a plea of guilty or no contest, it shall do all of the following:

(a)  Address the defendant personally and determine that the plea is made voluntarily with understanding of the nature of the charge and the potential punishment if convicted.

(b)  Make such inquiry as satisfies it that the defendant in fact committed the crime charged.

[5] This inquiry is also mandated by the United States Supreme Court. *See McCarthy v. United States*, 394 U.S. 459, 466 (1969).

*Alford* pleas are treated differently from guilty pleas in regard to the factual basis requirement because *Alford* pleas allow a defendant to be convicted of a crime even though the defendant continues to assert his innocence. In *Johnson*, 105 Wis. 2d at 663, the court of appeals recognized the difficulty posed by an *Alford* plea in relation to the factual basis requirement and held that when an *Alford* plea was entered, the factual basis requirement could only be fulfilled if there was a showing of "strong proof of guilt" by the state that the defendant committed the crime to which he or she ¡led. In *Garcia*, we specifically approved the reasoning in *Johnson* and cited the following language:

> 'We conclude that in Wisconsin a trial court can accept an *Alford* plea of guilty without violating the factual basis rule of *Ernst v. State* where, despite the defendant's protestations of innocence, the trial court determines that the prosecutor's summary of the evidence the state would offer at trial is strong proof of guilt.'

*Garcia*, 192 Wis. 2d at 857-58. The requirement of a higher level of proof in *Alford* pleas is necessitated by the fact that the evidence has to be strong enough to overcome a defendant's "protestations" of innocence. Although strong proof of guilt is less than proof beyond a reasonable doubt, *State v. Spears*, 147 Wis. 2d 429, 435, 433 N.W.2d 595 (Ct. App. 1988), it is clearly greater than what is needed to meet the factual basis requirement under a guilty plea.

█

Thus the court of appeals' conclusions that a defendant may enter a plea to a reasonably related crime if there is proof of the more serious charge (*Harrell*), and that the circuit court need not go to the same lengths in reviewing the facts to sustain a negotiated plea as a

nonnegotiated plea (*Broadie* and *Harrell*), are not applicable to this *Alford* plea case. *Harrell* involved a no contest plea and *Broadie* involved a guilty plea. This case, instead, involves an *Alford* plea, *and therefore is controlled by Garcia's* requirement of strong proof of guilt. In an *Alford* plea, the court must be satisfied that there is strong evidence of guilt despite the defendant's protestations of innocence.

The application of the factual basis requirement and *Garcia* to the case before us is a simple matter. The factual basis requirement demands that a sufficient factual basis exists as to each element of the crime to support the conclusion that the defendant committed the crime to which he or she entered the *Alford* plea. Since the defendant in this case entered an *Alford* plea, the factual basis requirement is only satisfied if there is strong proof of guilt as to each element of the crime. The trial court, however, could not have found such proof in this case. The defendant entered an *Alford* plea to the charge of child enticement. In order to accept this plea, the trial court would have had to find that there was strong proof that the victim was under the age of 16. It is undisputed, however, that the victim was in fact 16 years old.

Since the factual basis requirement was not met, and in fact could not have been met in this case, the trial court should have allowed the defendant to withdraw his plea in order to prevent a manifest injustice. Its decision not to do so was clearly erroneous.

*By the Court.*—The decision of the court of appeals is reversed and the cause is remanded.