COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2019AP598-CR**
**2019AP599-CR**
**STATE OF WISCONSIN**

Cir. Ct. Nos. 2014CF4880
2014CF5138

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JOHN D. CARTER,

DEFENDANT-APPELLANT.

APPEALS from judgments and an order of the circuit court for Milwaukee County: JONATHAN D. WATTS and LINDSEY CANONIE GRADY, Judges. *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  John D. Carter appeals from judgments, entered upon his guilty pleas, convicting him of three drug-related charges.  Carter also appeals from an order denying his postconviction motion without a hearing.[1]  Carter asserts that:  (1) the State breached the plea agreement and his trial attorney was ineffective for failing to object to the breach; (2) his trial attorney improperly counseled him about the State's offer; (3) his trial attorney was ineffective for failing to move to dismiss a conspiracy count; and (4) the trial court failed to establish a factual basis for Carter's plea to the conspiracy charge.  We conclude that the circuit court appropriately denied the postconviction motion without a hearing and, accordingly, we affirm the judgments and order.

## BACKGROUND

¶2     On November 3, 2014, Carter was one of twenty-two defendants charged in a sealed twelve-count complaint.[2]  The complaint detailed an ongoing investigation, beginning in 2012, of a street gang, its members, and its associates and their various drug-related activities.  Carter was charged with two offenses in Milwaukee County Circuit Court case No. 2014CF4880: (1) conspiracy to commit possession with intent to deliver more than fifty grams of heroin as a second or subsequent offense and (2) conspiracy to commit possession with intent to deliver more than forty grams of cocaine as a second or subsequent offense.

---

[1] The Honorable Jonathan D. Watts accepted Carter's pleas and imposed sentence; we refer to him as the trial court.  The Honorable Lindsey Canonie Grady denied Carter's postconviction motion; we refer to her as the circuit court.

[2] Because the complaint described intercepted communications—*i.e.*, wiretaps—it was initially filed under seal.  *See State v. Gilmore*, 201 Wis. 2d 820, 823, 549 N.W.2d 401 (1996).  The trial court unsealed the complaint at the plea hearing after Carter's attorney indicated no objection.

2

¶3 On November 5, 2014, a search warrant was executed at Carter's residence. Carter and two others were in the residence, along with cash, drugs, drug paraphernalia, and firearms. Carter gave a statement to police in which he acknowledged that some of the heroin, cocaine, marijuana, and cash recovered were his. In December 2014, Carter was charged with two offenses in Milwaukee County Circuit Court case No. 2014CF5138: (1) possession with intent to deliver more than fifty grams of heroin as a second or subsequent offense and (2) possession with intent to deliver more than forty grams of cocaine as a second or subsequent offense.

¶4 Carter agreed to resolve the two cases through a plea bargain. In exchange for his guilty pleas to the heroin conspiracy charge in case No. 2014CF4880 and the two possession with intent to deliver charges in case No. 2014CF5138, the State would dismiss and read in the cocaine conspiracy charge and dismiss the second-or-subsequent enhancer on all of the offenses. The State additionally agreed that it would not recommend any particular sentence length. The trial court conducted a plea colloquy and accepted Carter's pleas. Carter was later sentenced to thirty years' imprisonment for the conspiracy charge and fifteen years' imprisonment for each possession charge; the sentences were set consecutive to each other and to any other sentence.

¶5 Carter subsequently filed a postconviction motion, seeking to withdraw his pleas. He alleged that: (1) the State breached the plea agreement and trial counsel was ineffective for failing to object to the breach; (2) trial counsel was ineffective because he failed to adequately discuss and convey the State's pretrial offer before Carter entered his pleas, so the pleas were not knowingly made; (3) trial counsel was ineffective for failing to move to dismiss the heroin conspiracy count for "lack of a factual basis within the complaint"; and (4) the

trial court erred in finding a factual basis to support Carter's plea to the conspiracy charge. With respect to the plea agreement, Carter noted that, according to the plea questionnaire form, the plea agreement called for the State to recommend "prison," but, at the plea and sentencing hearings, the State instead recommended "substantial prison." With respect to the factual basis for the conspiracy, Carter asserted that the complaint was insufficient to support the conspiracy charge because there was nothing to show Carter had an agreement with anyone to commit a crime other than the sale of heroin itself. Following briefing, the circuit court denied the motion without a hearing. Carter appeals.

### DISCUSSION

¶6 Carter asked that the circuit court hold a *Machner* hearing on his motion to withdraw his pleas. *See State v. Machner*, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979). A *Machner* hearing is a prerequisite for consideration of an ineffective assistance of counsel claim. *See id.* at 804. To withdraw a plea after sentencing, a defendant must demonstrate manifest injustice by clear and convincing evidence. *See State v. Sulla*, 2016 WI 46, ¶24, 369 Wis. 2d 225, 880 N.W.2d 659. Ineffective assistance of counsel, failure to establish a sufficient factual basis to support a charge, and the State's breach of a plea agreement are each factual situations that could constitute manifest injustice. *See State v. Thomas*, 2000 WI 13, ¶17, 232 Wis. 2d 714, 605 N.W.2d 836; *State v. Krieger*, 163 Wis. 2d 241, 251 n.6, 471 N.W.2d 599 (Ct. App. 1991).

¶7 The mere assertion of manifest injustice, however, is insufficient to entitle a defendant to relief. *See State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the

4

defendant to relief." *Id.* Whether the motion alleges sufficient facts is a question of law. *See id.*, ¶9. If the motion raises sufficient material facts, the circuit court must hold a hearing. *See id.* If the motion does not raise sufficient material facts, if the motion presents only conclusory allegations, or if the record conclusively shows the defendant is not entitled to relief, then the decision to grant or deny a hearing is left to the circuit court's discretion. *See id.* The circuit court, however, has the discretion to deny "even a properly pled motion ... without holding an evidentiary hearing if the record conclusively demonstrates that the defendant is not entitled to relief." *See Sulla*, 369 Wis. 2d 225, ¶30. A circuit court's discretionary decisions are reviewed for an erroneous exercise of that discretion, a deferential standard. *See id.*, ¶23.

## I. The Alleged Plea Breach

¶8    A defendant "has a constitutional right to the enforcement of a negotiated plea agreement." *State v. Tourville*, 2016 WI 17, ¶21, 367 Wis. 2d 285, 876 N.W.2d 735. However, "[n]ot all breaches of a plea agreement require a remedy." *State v. Howard*, 2001 WI App 137, ¶15, 246 Wis. 2d 475, 630 N.W.2d 244. A technical breach of the agreement will not warrant relief; the breach must be material and substantial. *See State v. Naydihor*, 2004 WI 43, ¶10, 270 Wis. 2d 585, 678 N.W.2d 220. "A material and substantial breach is a violation of the terms of the agreement that defeats the benefit for which the accused bargained." *Tourville*, 367 Wis. 2d 285, ¶23 (citation omitted).

¶9    "Whether the State breached a plea agreement is a mixed question of fact and law." *Naydihor*, 270 Wis. 2d 585, ¶11. The precise terms of the agreement and the historical facts around the breach are questions of fact, and we review the circuit court's factual determinations under the clearly erroneous

5

standard of review. *See id.* "Whether the State's conduct constitutes a material and substantial breach of the plea agreement is a question of law that this court reviews de novo." *Id.*

¶10 Carter contends that the plea agreement, as presented to and accepted by him and as memorialized on the plea questionnaire he signed, called for the State to recommend prison at sentencing.[3] Instead, the State recommended substantial prison, thereby breaching the plea agreement.

¶11 The circuit court concluded that "[t]he record is unequivocally clear that the defendant understood the plea offer was for 'substantial prison.'" It noted that, at the plea hearing, the State indicated its global sentencing recommendation would be for substantial prison. Defense counsel agreed that this was the offer. The trial court asked Carter directly whether he understood that the State was "going to recommend for all three counts that your sentence be substantial prison," and Carter personally confirmed his understanding. The State also informed the trial court that there were no earlier, more favorable plea offers, and defense counsel agreed. Later, at the sentencing hearing, the State reiterated that its recommendation would be for substantial prison. Thus, based on its conclusion that the offer was only for substantial prison, the circuit court also concluded that no breach had occurred.

---

[3] Carter's argument is premised on the contents of the plea questionnaire form, yet he failed to include the form in his appendix. We remind counsel that the appellant's appendix is required to contain, among other things, "limited portions of the record essential to an understanding of the issues raised[.]" WIS. STAT. RULE 809.19(2)(a) (2017-18).

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶12 Carter argues that he has "submit[ted] sufficient facts to raise a question of fact as to the exact wording of the plea agreement" such that there should be a hearing on his motion. But even accepting it as true that Carter believed the agreement called for the State to recommend prison, he has not alleged any facts to show that the *State* made or believed that to be its offer: there is no other part of the record that refers to a simple prison recommendation; the only agreement the State ever referenced on the record was an agreement to recommend substantial prison; the State indicated on the record that it had made no other offers; and Carter acknowledges that his trial attorney, not the State, filled out the plea questionnaire form.

¶13 Moreover, Carter's trial attorney did not object to the State's supposed breach, so Carter's right to directly challenge any breach has been forfeited. *See State v. Liukonen*, 2004 WI App 157, ¶¶1, 6, 276 Wis. 2d 64, 686 N.W.2d 689. Therefore, the proper analytical framework is ineffective assistance of counsel, *see id.*, ¶6, so Carter also contends that his trial attorney was ineffective for failing to object to the breach.

¶14 The requirements for showing ineffective assistance of counsel are well established. A defendant must show that counsel's performance was deficient and that the deficiency prejudiced the defense. *See State v. Balliette*, 2011 WI 79, ¶21, 336 Wis. 2d 358, 805 N.W.2d 334. "Whether counsel was ineffective is a mixed question of fact and law." *Id.*, ¶19. The defendant must satisfy both elements of the test, and we need not address both prongs if the defendant fails to make a sufficient showing on one of them. *See State v. Maloney*, 2005 WI 74, ¶14, 281 Wis. 2d 595, 698 N.W.2d 583. In this case, the threshold question on the ineffective assistance claim is whether the State's actions in fact constituted a breach of the plea agreement. *See Naydihor*, 270

7

Wis. 2d 585, ¶9. However, the circuit court determined that the record demonstrated the agreement was for the State to recommend substantial prison and, as a result, there was no breach; failure to object to a non-existent breach of a plea agreement cannot constitute deficient performance. *See id.*

¶15 Relatedly, Carter also claims trial counsel was ineffective in counseling him about the plea, asserting that trial counsel told him the offer was for prison, not substantial prison. He argues that he was prejudiced because "he understood the pretrial offer to mean one thing, but it turned out it meant something else[.]"

¶16 In the plea withdrawal context, though, a demonstration of prejudice requires the defendant to show "that there is a reasonable probability that, but for the counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See State v. Bentley*, 201 Wis. 2d 303, 312, 548 N.W.2d 50 (1996) (citation omitted). In the postconviction motion, Carter alleges only that had he "known the recommendation was for 'substantial prison', he would not have accepted the proposed offer." However, this assertion is conclusory: Carter does not explain why he was willing to accept an offer where the State would recommend prison but not one where the State would recommend substantial prison, nor does he explain why he would have rejected an offer for substantial prison on three counts and insisted on going to trial on four counts. *See Allen*, 274 Wis. 2d 568, ¶23 (to be sufficient, a postconviction motion should allege "who, what, where, when, why, and how").

¶17 In sum, the postconviction motion does not allege sufficient material facts regarding the terms of the plea agreement, the State's alleged breach thereof, or trial counsel's deficient performance. Thus, the circuit court had the discretion

to refuse a hearing on the issue and deny the motion, and we are not persuaded that the circuit court erroneously exercised its discretion in doing so.

## *II. The Factual Basis for the Conspiracy Charge*

¶18  Carter also contends that there is an insufficient factual basis in the complaint for the charge of conspiracy with intent to deliver more than fifty grams of heroin.  He makes two arguments based on this premise:  first, that trial counsel was ineffective for failing to move to dismiss the heroin conspiracy count in case No. 2014CF4880 at any point prior to his plea, and second, that the trial court failed to comply with its mandatory duty to establish a factual basis for Carter's plea to that offense.  The circuit court "concur[red] with the State['s response brief] that an adequate factual basis for conspiracy to commit possession with intent deliver heroin (>50 g) exists … in the 59-page complaint."

¶19  The sufficiency of a criminal complaint as a charging document is reviewed for probable cause.  *See **State v. Reed***, 2005 WI 53, ¶11, 280 Wis. 2d 68, 695 N.W.2d 315.  Whether a complaint states probable cause is a question of law we review de novo.  *See **id.***  "We look within the four corners of the complaint to see whether there are facts or reasonable inferences set forth that are sufficient to allow a reasonable person to conclude that a crime was probably committed and that the defendant probably committed it."  *See **id.***, ¶12.

¶20  A guilty plea must be supported by a factual basis.  *See **State v. Thomas***, 232 Wis. 2d 714, ¶17 (failure to establish sufficient factual basis for crime to which defendant is pleading constitutes manifest injustice warranting plea withdrawal).  Thus, before accepting a guilty plea, the trial court must "[m]ake such inquiry as satisfies it that the defendant in fact committed the crime charged."  *See* WIS. STAT. § 971.08(1)(b); ***State v. Brown***, 2006 WI 100, ¶23, 293 Wis. 2d

594, 716 N.W.2d 906. "[A] factual basis for a plea exists if an inculpatory inference can be drawn from the complaint or facts admitted to by the defendant[.]" ***State v. Black***, 2001 WI 31, ¶16, 242 Wis. 2d 126, 624 N.W.2d 363. "[I]n the context of a negotiated guilty plea," the trial court "need not go to the same length to determine whether the facts would sustain the charge as it would where there is no negotiated plea." ***State v. Smith***, 202 Wis. 2d 21, 25, 549 N.W.2d 232 (1996) (citation omitted). We will uphold the trial court's determination of a sufficient factual basis unless such determination was clearly erroneous. *See* ***Tourville***, 367 Wis. 2d 285, ¶18.

¶21 WISCONSIN STAT. § 961.41(1m) criminalizes the knowing possession of a controlled substance with either the purpose to, or an awareness that actions are practically certain to, cause transfer of the substances from one person to another. *See* ***id.***; *see also* WIS JI—CRIMINAL 6035. Such intent may be demonstrated by "evidence of the quantity … of the substances possessed[.]" *See* § 961.41(1m). To prove conspiracy, the State must show: (1) the defendant intended that the crime be committed; (2) the defendant was a member of a conspiracy to commit it; and (3) one or more conspirators performed an act towards the commission of the crime that went beyond planning and agreement. *See* WIS JI—CRIMINAL 570; *see also* WIS. STAT. §§ 939.31, 961.41(1x). "A person is a member of a conspiracy if, with intent that a crime be committed, the person agrees with or joins with another for the purpose of committing that crime." WIS JI—CRIMINAL 570. "A conspiracy is a mutual understanding to accomplish some common criminal objective or to work together for a common criminal purpose. It is not necessary that the conspirators had any express or formal agreement[.]" ***Id.***

¶22     Carter's main argument on this issue is that under *State v. Cavallari*, 214 Wis. 2d 42, 52-53, 571 N.W.2d 176 (Ct. App. 1997), "*mere knowledge* by the supplier of the purchaser's intent to further distribute the contraband is not enough.   Rather, the evidence must show an *agreement* between the parties." (Emphasis in *Cavallari*.)   Carter also contends that, under federal case law, "[s]imply being part of a 'buyer-seller' agreement cannot alone sustain a conspiracy conviction because the sale has no separate criminal object." *See, e.g.*, *United States v. Torres-Ramirez*, 213 F.3d 978, 981 (7th Cir. 2000).   Carter asserts that there is nothing in the complaint "to show an agreement between Mr. Carter and [his alleged co-conspirator, Charles Ortiz, Jr.,] to commit a crime other than the sale of heroin itself" and nothing in the complaint showing Carter had any awareness of what Ortiz was doing beyond their buyer-seller relationship.   The State asserts that *Cavallari* does not control because Cavallari was charged with conspiracy to deliver, not conspiracy *to possess with intent* to deliver.   We agree with the State.

¶23     *Cavallari* discusses the evidence necessary to establish an agreement between seller and buyer that the buyer would deliver drugs to third parties.  *See id.*, 214 Wis. 2d at 50-54.   In Carter's case, the question is whether the evidence sufficiently establishes an agreement between the buyer and seller that the buyer would possess the purchased drug with the intent to deliver the drugs to third parties.   It is true that our supreme court "did not intend a buyer-seller relationship for a small amount of drugs for a buyer's personal use to be deemed a conspiracy." *See id.* at 49.   But while *Cavallari* holds that more than a single sale of a large quantity of a controlled substance is necessary to show a conspiracy to deliver, the same does not hold true for a conspiracy to possess with intent to deliver. Whereas a delivery conviction requires evidence of the act of delivering the drugs,

11

a conviction for possession with intent requires only the act of possessing with the requisite intent—which, as noted, may be shown by the quantity of substances possessed. WIS. STAT. § 961.41(1m). Thus, the sale of a large quantity of drugs would support an inference that the seller intended that the buyer possess the drugs with intent to deliver, and that the seller entered into an agreement with the buyer for the buyer to commit that crime.

¶24 According to the criminal complaint in case No. 2014CF4880, investigators learned that Ortiz belonged to the gang being probed. Ortiz was a heroin trafficker operating in Milwaukee, and it was determined that Carter was one of Ortiz's suppliers. Initially, Ortiz would contact Jesus Correa to obtain heroin; however, intercepted communications made it clear that Correa was only the middleman, not the supplier. After Correa was incarcerated, Ortiz started obtaining heroin directly from Carter, and the complaint sets forth additional information detailing how investigators concluded that Carter was the supplier.

¶25 Between September 24 and October 20, 2014, Carter directly supplied Ortiz with a total of 250 grams of heroin. The complaint further explains that one gram of heroin can be broken down into twenty to fifty smaller portions, meaning 250 grams supplied between 5,000 and 12,500 individual hits.

¶26 Based on the above, including the quantity of the heroin that Carter provided, we are satisfied that the complaint contains more than enough probable cause to support the conspiracy charge. Any motion prior to the plea seeking to dismiss the complaint for lack of probable cause would have failed, and counsel is not ineffective for failing to pursue a meritless motion. *See State v. Wheat*, 2002 WI App 153, ¶14, 256 Wis. 2d 270, 647 N.W.2d 441.

¶27    During the plea colloquy, the trial court asked Carter if he had read the complaint; Carter acknowledged that he knew "what the charge is about." The trial court then referred Carter to the jury instructions for conspiracy and possession with intent to deliver, and Carter acknowledged that he understood each crime's elements. The trial court then explained that it was "going to ask [Carter] questions about what [he] did that shows that [he] did the crime …. It's called a factual basis." The trial court's questions and Carter's answers established that Carter admitted that: (1) he intended that the crime of possession with intent to deliver more than fifty grams of heroin be committed; (2) this can be shown by the fact that Carter "did it on a whole bunch of occasions"; (3) he was a member of a conspiracy, acting with other people working together as part of a plan or scheme; and (4) he committed an act in furtherance of the conspiracy when he transferred heroin to Ortiz. Carter's attorney additionally agreed that the trial court could use the complaint "for an additional factual basis."

¶28    Thus, the trial court had not only the facts in the complaint to rely on, but also the facts to which Carter admitted. *See Black*, 242 Wis. 2d 126, ¶16. Based on the foregoing, we discern no error by the trial court in conducting the plea colloquy and no erroneous exercise of discretion in its determination that a factual basis for the plea existed.

¶29    In sum, the record conclusively establishes that there was probable cause stated in the complaint for the heroin conspiracy charge and the trial court appropriately satisfied itself of a sufficient factual basis for Carter's plea to the conspiracy charge, a decision that was not clearly erroneous. Thus, we are not persuaded that the circuit court erroneously exercised its discretion in denying Carter's motion without a hearing on this point, either.

13

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.