# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2014AP1248-CR, 2014AP1249-CR, 2014AP1250-CR, 2014AP1251-CR |
| COMPLETE TITLE: | State of Wisconsin, <br>            Plaintiff-Respondent, <br>      v. <br> Patrick K. Tourville, <br>            Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
(Reported at 363 Wis. 2d 656, 862 N.W.2d 903)
(Ct. App. 2015 – Unpublished)

| | |
|---|---|
| OPINION FILED: | March 15, 2016 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | December 15, 2015 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Polk |
| JUDGE: | Molly E. GaleWyrick |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs by *John A. Pray* and the *Frank J. Remington Center, University of Wisconsin Law School*, and oral argument by *John A. Pray*.

For the plaintiff-respondent, the cause was argued by *Jeffrey Kassel*, assistant attorney general, with whom on the brief was *Brad Schimel*, attorney general.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

Nos.    2014AP1248-CR, 2014AP1249-CR, 2014AP1250-CR, 2014AP1251-CR
(L.C. Nos.  2012CF27, 2011CF293, 2011CF376, 2013CF107)

| STATE OF WISCONSIN | : | IN SUPREME COURT |

**State of Wisconsin,**

    **Plaintiff-Respondent,**

    **v.**

**Patrick K. Tourville,**

    **Defendant-Appellant-Petitioner.**

**FILED**

**MAR 15, 2016**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the court of appeals.  *Affirmed.*

¶1    ANN WALSH BRADLEY, J.    Petitioner, Patrick Tourville ("Tourville"), seeks review of an unpublished court of appeals decision denying his motion for post-conviction relief.[1]    He asserts that his trial counsel was ineffective for failing to object after the State allegedly breached the plea agreement by recommending consecutive sentences.    Additionally, Tourville

---

[1] State v. Tourville, Nos. 2014AP1248-CR, 2014AP1249-CR, 2014AP1250-CR, 2014AP1251-CR, unpublished slip op., (Wis. Ct. App. March 31, 2015) (affirming judgment and order entered by the circuit for Polk County, Molly E. GaleWyrick, J., presiding).

contends that there was an insufficient factual basis for the court to accept his guilty plea to the charge of party to the crime of felony theft.

¶2 Like the circuit court and court of appeals, we conclude that Tourville's trial counsel was not ineffective. Given that the State did not breach the plea agreement by arguing for consecutive sentences, Tourville fails to establish the deficient performance necessary for an ineffective assistance of counsel claim.

¶3 We also conclude that the circuit court's determination was not clearly erroneous. There was a sufficient factual basis to accept Tourville's guilty plea to the charge of party to the crime of felony theft. He willingly aided others who engaged in felony theft by taking them to his campsite, helping them open the safe, and disposing of the ill-gotten property. Accordingly, we affirm the court of appeals.

I.

¶4 The underlying facts in this case are taken from the amended criminal complaint in case no. 2012CF27. The State charged Tourville with seventeen criminal counts in four separate, unrelated cases:

> Case No. 2011CF293: Operating a motor vehicle without the owner's consent, misdemeanor theft, and obstructing an officer, with all counts charged as a repeater.

> Case No. 2011CF376: Burglary while arming himself with a dangerous weapon, two counts of theft of a firearm, misdemeanor theft, felony bail jumping, and

possession of a firearm by a felon, with all counts charged as a repeater.

Case No. 2012CF27: Party to the crime of felony theft, possession of a firearm by a felon, with both counts charged as a repeater.

Case No. 2013CF107: Possession of drug paraphernalia and five counts of felony bail jumping, with all counts charged as a repeater.

¶5 All charges from these four cases were incorporated into a single plea agreement. Tourville agreed to plead guilty or no-contest to felony theft as a party to a crime, felony bail jumping, burglary while armed with a dangerous weapon and misdemeanor theft, all as a repeater. The State agreed to dismiss and read in the remaining counts.

¶6 The circuit court received a plea questionnaire/waiver of rights form for each of the four cases. In three cases, a signed addendum was attached to the form that set forth the terms of the plea agreement.[2] Only Tourville signed the addendum. Terms of the plea agreement stated in the signed addendum included: "The joint sentencing recommendation is to

---

[2] There was no addendum setting forth the terms of the plea agreement attached to Case No. 2013CF107. However, all charges from the four criminal cases were incorporated into a single plea agreement and there is no argument advanced that the plea does not apply to Case No. 2013CF107. The four cases were also consolidated for appeal.

3

order a presentence investigation; the state will cap its recommendation at the high end of what the PSI orders."[3]

¶7    A Presentence Investigation Report ("PSI") was filed with the court. It suggested a range of initial confinement ("IC") and extended supervision ("ES") for each charge, but made no recommendation regarding concurrent or consecutive sentences. The PSI recommended:

> Case No. 2011CF293:  16-18 months IC, 6 months ES
>
> Case No. 2011CF376:  4-6 years IC, 3-4 years ES
>
> Case No. 2012CF27:  16-18 months IC, 6 months ES
>
> Case No. 2013CF107:  1-2 years IC, 2 years ES

The circuit court asked Tourville's trial counsel if there were any errors or omissions in the PSI's recommendations that needed to be clarified. He responded that there were no errors or omissions in the PSI.

¶8    During sentencing, the prosecutor argued for the maximum in the PSI's ranges of sentencing recommendations. He sought the following:

> Case No. 2011CF293:  18 months IC, 6 months ES
>
> Case No. 2011CF376:  6 years IC, 4 years ES

---

[3] The State argues in the alternative that it did not agree to limit its sentencing recommendation to the "high end" of the PSI recommendation and requests the case be remanded for factual findings regarding the terms of the plea agreement if we determine the agreement was breached. We need not address this argument because we determine that the State did not breach the terms of the plea agreement.

Case No. 2012CF27: 18 months IC, 6 months ES

Case No. 2013CF107: 2 years IC, 2 years ES

The prosecutor also recommended that the circuit court impose consecutive sentences in all four cases, despite the fact that the PSI was silent on this issue.

¶9 Tourville's trial counsel did not object when the State recommended consecutive sentences. At the post-conviction motion hearing, he testified that there was no strategic reason for failing to object to the State's recommendation of consecutive sentences. Rather, he candidly stated that it "slipped my mind to object."

¶10 One of the charges to which Tourville pled guilty was felony theft as a party to the crime pursuant to Wis. Stat. §§ 943.20(1)(a), (3)(d), and 939.05.[4] Several men, not including Tourville, stole a gun safe containing firearms and other tools. The men called Tourville, advised him that they had a safe and needed both a place to take it and help to break it open. They picked Tourville up at his residence and then went to Tourville's campsite at a resort. After they all participated in opening the safe, Tourville advised the other men where to dispose of it. Ultimately, they disposed of the safe in a swamp, along the side of the road. The men drove Tourville home, dropped him off and later paid Tourville in cash for his assistance.

---

[4] All subsequent reference to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

¶11 Although Tourville did not participate in the planning or initial execution of the theft, the criminal complaint alleged Tourville "took and carried away" property as a party to the crime. The probable cause portion of the complaint sets forth the factual basis for the charge.

¶12 At the plea hearing, the circuit court questioned Tourville regarding the factual basis for the charge of party to the crime of felony theft. Tourville stated that he did not take part in the burglary, but gave the other men who did commit the burglary a place to go to open the safe:

> The Court: On your plea you understand——by your plea you're acknowledging that on or about August 27, 2010 in this county with others you took and carried away moveable property belonging to another, specifically firearms belonging to a Kevin Beyl without his consent and with intent to keep them?
>
> Mr. Miller: Do you understand those elements?
>
> The Defendant: Intent, I never did the burglary. I gave him a place to——
>
> Mr. Steffen: Says party to the crime.
>
> The Court: That's as a party to the crime.
>
> The Defendant: Yeah. Guilty. I understand.

¶13 In an effort to clarify the record, the circuit court again questioned Tourville regarding whether he understood the factual basis for the charge of party to the crime of felony theft. He again responded that he gave the other men a place to open the safe:

> The Court: All right. Finally in 13CF107——let's go back to that so we make certain that the facts meet

6

the elements of the crime. Mr. Miller, why don't you articulate, you just both said it on the record and I think Mr. Tourville did as well, but the facts that meet the elements of the crime.

Mr. Steffen: Judge, let me just say quickly that Mr. Tourville's statement was I didn't do the burglary and he's charged with a theft as a party to the crime. As part of the theft it would be our—the allegations that after the burglary took place and these individuals were looking for a way to store or stash the guns that were taken as a result of the burglary . . . . It was listed out in the probable cause statement as well.

The Defendant: I didn't give them nothing.

Mr. Miller: You were around them, you watched them, you were aiding and abetting them.

The Defendant: I gave them a place to do it. I didn't give them no materials or I didn't hide nothing.

The Court: You gave them a place—

The Defendant: To cut open, yeah.

The Court: Material that was—

The Defendant: I didn't give them no material.

The Court: No. No. No. You gave them the surroundings, the place to hopefully gain access to the safe.

The defendant: Yeah.

The Court: Right.

The defendant: Yeah.

The Court: And everybody agrees that that meets the elements of the crime.

Mr. Steffen: Yes.

7

¶14 The circuit court accepted Tourville's plea and sentenced him to consecutive prison sentences totaling 26 years.[5] Tourville filed a post-conviction motion raising the same issues that are now before this court.  The court denied Tourville's motion and the court of appeals affirmed the circuit court's judgment and order.

II.

¶15  In this case we are asked to address issues involving ineffective assistance of counsel, breach of a plea agreement, and if there is a factual basis to support a guilty plea.

¶16 Whether counsel's actions constitute ineffective assistance presents a mixed question of law and fact.  State v. Jenkins, 2014 WI 59, ¶38, 355 Wis. 2d 180, 848 N.W.2d 786. Findings of fact will not be reversed unless they are clearly erroneous.  Id.  The ultimate conclusion of whether counsel's conduct breached the defendant's right to effective assistance of counsel presents a question of law.  Id.

¶17 The issue of whether the State breached the plea agreement by arguing for consecutive sentences also presents a question of law.  State v. Williams, 2002 WI 1, ¶4, 249 Wis. 2d 492, 637 N.W.2d 733.  This court reviews questions of law independently from the determinations rendered by the circuit court and court of appeals.  Id.

---

[5]  Tourville's sentence included 14.5 years of initial confinement plus 11.5 years of extended supervision.

¶18 We review, under the clearly erroneous standard, the issue of whether a factual basis exists for a charge to which the defendant has entered a plea. "Unless it was clearly erroneous, we will uphold the circuit court's determination that there existed a sufficient factual basis to accept the plea." State v. Sutton, 2006 WI App 118, ¶8, 294 Wis. 2d 330, 718 N.W.2d 146.

### III.

¶19 We address first Tourville's argument that his trial counsel was ineffective because he failed to object when the State recommended consecutive sentences. Under Strickland v. Washington, Tourville must establish that his trial counsel's performance was deficient and that he was prejudiced as a result of that deficient performance. 466 U.S. 668, 104 S. Ct. 2052 (1984).

¶20 Therefore, the threshold inquiry for Tourville's ineffective assistance of counsel claim is whether the State's actions constituted a breach of the plea agreement. If the State did not breach the plea agreement, then the failure of Tourville's counsel to object did not constitute deficient performance. See, e.g., State v. Naydihor, 2004 WI 43, ¶9, 270 Wis. 2d 585, 678 N.W.2d 220.

¶21 Tourville has a constitutional right to the enforcement of a negotiated plea agreement. Williams, 249 Wis. 2d 492, ¶37. An agreement by the State to recommend a particular sentence may induce an accused to give up the constitutional right to a jury trial. Id. "[O]nce an accused

9

agrees to plead guilty in reliance upon a prosecutor's promise to perform a future act, the accused's due process rights demand fulfillment of the bargain." Id.

¶22 As the court of appeals explained in State v. Bowers, the issue of concurrent and consecutive sentences is "extremely important" to a guilty plea. 2005 WI App 72, ¶16, 280 Wis. 2d 534, 696 N.W.2d 255 (quoting State v. Howard, 2001 WI App 137, ¶18, 246 Wis. 2d 475, 630 N.W.2d 244). "The designation of concurrent or consecutive time can affect the actual amount of time served, the application of pre-sentence credit, parole eligibility dates, the date a defendant is allowed to access rehabilitative services, and other factors." Howard, 246 Wis. 2d at ¶18. "A recommendation of concurrent sentences can also send a signal to the trial court that the agreement contemplates a lesser sentence than one where consecutive sentences are recommended." Id.

¶23 The court of appeals observed that a defendant is not entitled to relief when the breach is merely a technical one rather than a substantial and material breach of the agreement. Id., ¶15. "A material and substantial breach is a violation of the terms of the agreement that defeats the benefit for which the accused bargained." Williams, 249 Wis. 2d 492, ¶38.

¶24 When a plea agreement "undisputedly indicates that a recommendation is to be for concurrent sentences, an undisputed recommendation of consecutive sentences that is not corrected at the sentencing hearing constitutes a material and substantial breach of the plea agreement as a matter of law." Howard, 246

10

Wis. 2d 457, ¶19. The remedy for a breach that is material and substantial is either to vacate the plea agreement or resentence the defendant under the terms of the original plea agreement.[6] Williams, 249 Wis. 2d 492, ¶38; see also State v. Smith, 207 Wis. 2d 258, 268, 558 N.W.2d 379 (1997).

¶25 Interpretation of a plea agreement is rooted in contract law. Bowers, 280 Wis. 2d 534, ¶16 (citing State v. Deilke, 2004 WI 104, ¶12, 274 Wis. 2d 595, 682 N.W.2d 945). "Contract law demands that each party should receive the benefit of its bargain; no party is obligated to provide more than is specified in the agreement itself." Id. (citations omitted). "While the government must be held to the promises it made, it will not be bound to those it did not make. To do otherwise is to strip the bargaining process itself of meaning and content." Id. (quoting United States v. Fentress, 792 F.2d 461, 464-65 (4th Cir.1986)).

¶26 In this case, the plea agreement was silent as to whether Tourville's sentences would be concurrent or consecutive. The plea agreement stated: "The joint sentencing recommendation is to order a presentence investigation; the state will cap its recommendation at the high end of what the PSI orders." Tourville's signed plea questionnaire/waiver of rights form also stated: "[n]o promises have been made to me other than those contained in the plea agreement."

---

[6] Tourville requests resentencing, rather than withdrawal of the guilty plea.

11

¶27 The PSI recommended a range of initial confinement and extended supervision for each charge, but made no recommendation for either concurrent or consecutive sentences. It recommended:

Case No. 2011CF293: 16-18 months IC, 6 months ES

Case No. 2011CF376: 4-6 years IC, 3-4 years ES

Case No. 2012CF27: 16-18 months IC, 6 months ES

Case No. 2013CF107: 1-2 years IC, 2 years ES

During sentencing, the prosecutor argued for the PSI's maximum sentencing recommendations. He also recommended that the circuit court impose consecutive sentences in all four cases, despite the fact that the PSI was silent on this issue.

¶28 Tourville argues that by recommending consecutive sentences, the State breached the plea agreement. He contends that because the PSI made no recommendation regarding whether the sentences were to be served consecutively or concurrently, the State's recommendation went beyond the "high end" of the PSI. If this court finds that the State breached the plea agreement, Tourville asserts his trial counsel was ineffective by failing to object to the prosecutor's recommendation for consecutive sentences.

¶29 Both the circuit court and the court of appeals relied on Bowers, 280 Wis. 3d 534, in denying Tourville's motion for post-conviction relief. In Bowers, the defendant argued that because the plea agreement was silent on the question of whether his sentence should run concurrently or consecutively with the sentence he was already serving, the State breached the plea

12

agreement by recommending a consecutive sentence. 280 Wis. 2d 534, ¶14. The Bowers court explained that "in the absence of any indication that the parties expected the State to either remain silent or recommend concurrent sentences, we are reluctant to engraft these conditions into a fully integrated plea agreement." Id., ¶16.

¶30 Tourville advances that Bowers should be distinguished because: (1) the State's sentence recommendation involved four charges here, rather than only one in Bowers; and (2) the language of Tourville's plea agreement is significantly different from Bowers' plea agreement. In the alternative, Tourville argues that even if Bowers does apply, this court should overrule Bowers because it was wrongly decided. We disagree.

¶31 First, we do not agree that the facts of this case are distinguishable from Bowers. Whether a sentence recommendation involves four charges or one charge in addition to a sentence already being served, a recommendation of consecutive sentences has the same effect on the defendant. In both cases, the length of time the defendant will serve is increased by a recommendation that the sentences be served consecutively. Both defendants could have, but did not, negotiate for an agreement that the State recommend the sentences be served concurrently.

¶32 We are also not persuaded by Tourville's argument that the language of the plea agreement warrants a different outcome in this case than in Bowers. Here, the signed addendum stated: "The joint sentencing recommendation is to order a presentence

13

investigation; the state will cap its recommendation at the high end of what the PSI orders." In Bowers, the terms of the plea agreement were: "State to recommend 2 yrs. Initial confinement; 3 years extended supervision." 280 Wis. 2d 534, ¶2.

¶33 Regardless of any differences in the language of the plea agreements, the tenets of contract interpretation set forth in Bowers apply with equal force here. The key issue is whether the plea agreement contains language regarding concurrent or consecutive sentences. Both the plea agreement and the PSI in this case, as well as the plea agreement in Bowers, were silent as to whether the sentences would be concurrent or consecutive. If the recommendation for concurrent sentences was not bargained for and is not contained within the terms of the plea agreement, we will not engraft those terms into the agreement.

¶34 We also do not agree that Bowers was wrongly decided and ought to be overruled. The Bowers court analyzed and was guided by case law from both Wisconsin and other jurisdictions in reaching its determination.

¶35 Central to its analysis was the premise that in the absence of a provision in a plea agreement regarding sentencing, courts will not find a breach of the plea agreement when the State recommends consecutive sentences. See id., ¶19 (citing Fentress, 792 F.2d at 464-65 (holding that the prosecution did not breach a plea agreement by asking the court to order restitution and consecutive sentences, where the agreement did not mention either restitution or consecutive sentences and the government otherwise kept its promises on the proposed length of

14

imprisonment); White v. United States, 308 F.3d 927, 929 (8th Cir. 2002) (concluding that the government did not breach a plea agreement by recommending that the defendant's new sentence should run consecutive to his probation revocation sentence because the plea agreement contained no provision for the sentences to be served concurrently); Doles v. State, 55 P.3d 29, 34 (Wyo. 2002) (determining that because there was no agreement that the sentence was to be concurrent, and the terms of the agreement did not establish that the prosecutor was required to refrain from asking for a consecutive sentence, it was permissible for the prosecutor to argue for a consecutive sentence).

¶36 We agree with the Bowers court that the reasoning in State v. Zanelli, 212 Wis. 2d 358, 367, 569 N.W.2d 301 (Ct. App. 1997), is applicable to a plea agreement that is silent as to the issue of concurrent or consecutive sentences. In Zanelli, 212 Wis. 2d at 367, the court of appeals explained that because the plea agreement was silent regarding a future ch. 980 proceeding, the record did not reflect that the defendant had bargained for the State's promise to forego a ch. 980 proceeding. The Zanelli court concluded that there was no breach of the plea agreement. Id. at 368. Similarly, when a plea agreement is silent regarding concurrent or consecutive sentences, the defendant has not bargained for the State's promise to refrain from recommending the sentences be served consecutively.

15

¶37 In sum, we agree with both the circuit court and the court of appeals that Bowers controls the outcome of this case. We likewise conclude that because the State did not breach the plea agreement when it recommended that Tourville serve consecutive sentences, Tourville has failed to establish deficient performance by his trial counsel. Accordingly, Tourville's trial counsel was not ineffective when he failed to object to the State's sentencing recommendations.

IV.

¶38 We address next Tourville's argument that there was an insufficient factual basis for the circuit court to accept his guilty plea as a party to the crime of felony theft. Although Tourville did not participate in the planning or initial execution of the theft, the complaint alleged Tourville "took and carried away" property as a party to the crime. Tourville argues that there is an insufficient factual basis for the plea because he did not "take and carry away" property of another.

¶39 "[A] post-sentencing motion for withdrawal of a guilty plea should only be granted when necessary to correct a manifest injustice." State v. Johnson, 200 Wis. 2d 704, 708, 548 N.W.2d 91 (Ct. App. 1996). The circuit court's failure to establish a sufficient factual basis that the defendant committed the offense to which he pleads is manifest injustice. State v. Smith, 202 Wis. 2d 21, 25, 549 N.W.2d 232 (1996) (citing White v. State, 85 Wis. 2d 485, 488, 271 N.W.2d 97 (1978).

¶40 Pursuant to Wis. Stat. § 971.08(1)(b), a circuit court must "make such inquiry as satisfies it that the defendant in

16

fact committed the crime charged" before accepting a defendant's guilty plea. A sufficient factual basis for the guilty plea requires a showing that "the conduct which the defendant admits constitutes the offense charged." State v. Lackershire, 2007 WI 74, ¶33, 301 Wis. 2d 418, 734 N.W.2d 23 (quoting White, 85 Wis. 2d at 488).

¶41 The duties established in Wis. Stat. § 971.08 are "designed to ensure that a defendant's plea is knowing, intelligent, and voluntary." Id., ¶34 (quoting State v. Brown, 2006 WI 100, ¶23, 293 Wis. 2d 594, 716 N.W.2d 906). "A defendant's failure to realize that the conduct to which she pleads guilty does not fall within the offense charged is incompatible with that plea being 'knowing' and 'intelligent.'" Id., ¶35.

¶42 The elements of felony theft are stated in Wis. Stat. § 943.20:

   (1) ACTS. Whoever does any of the following may be penalized as provided in sub. (3):

      (a) Intentionally takes and carries away, uses, transfers, conceals, or retains possession of moveable property of another without the other's consent and with intent to deprive the owner permanently of possession of such property.

¶43 The State must plead one of the elements of theft in the criminal complaint. Jackson v. State, 92 Wis. 2d 1, 10, 284 N.W.2d 685 (Ct. App. 1979). However, the State may not charge the defendant in the disjunctive by alleging multiple alternative elements of theft. Id. Here, the criminal

17

complaint alleged the element that Tourville "took and carried away" the property of another.

¶44  Tourville was charged as a party to the crime of felony theft.  Wis. Stat. § 939.05 sets forth the elements of the charge of party to a crime:

(1)  Whoever is concerned in the commission of a crime is a principal and may be charged with and convicted of the commission of the crime although the person did not directly commit it and although the person who directly committed it has not been convicted or has been convicted of some other degree of the crime or of some other crime based on the same act.

(2)  A person is concerned in the commission of the crime if the person:

(a)  Directly commits the crime; or

(b)  Intentionally aids and abets the commission of it; or

(c)  Is a party to a conspiracy with another to commit it or advises, hires, counsels or otherwise procures another to commit it.

¶45  In this case, three men, not including Tourville, stole a gun safe containing firearms and other tools.  The men called Tourville, advised him that they had a safe and needed both a place to take it and help to break it open.  They picked Tourville up at his residence and then went to Tourville's campsite at a resort.  After they all participated in opening the safe, Tourville advised the other men where to dispose of it.  Ultimately, they disposed of the safe in a swamp, along the side of the road.  The men drove Tourville home and dropped him

18

off. They subsequently paid Tourville in cash for his assistance.

¶46 At the plea hearing, the circuit court questioned Tourville as to whether he understood the elements of the crime to which he was pleading guilty. Tourville insisted that he did not commit the burglary, but only gave the thieves a place to go.

¶47 In an effort to clarify the record, the circuit court again questioned Tourville regarding whether he understood the factual basis for the charge of party to the crime of felony theft. He again responded that he gave the other men a place to open the safe:

> The Defendant: I gave them a place to do it. I didn't give them no materials or I didn't hide nothing.
>
> The Court: You gave them a place——
>
> The Defendant: To cut open, yeah.
>
> The Court: Material that was——
>
> The Defendant: I didn't give them no material.
>
> The court: No. No. No. You gave them the surroundings, the place to hopefully gain access to the safe.
>
> The defendant: Yeah.
>
> The Court: Right.
>
> The defendant: Yeah.

¶48 Tourville argues that at the plea hearing, no facts were presented that he took or carried away property. His contention is that the only facts alleged at the hearing were

that he helped open the safe and provided a means to hide the property. Thus, Tourville contends that there was no factual basis for the plea because felony theft involves the "taking and carrying away" of property. See Wis. Stat. § 943.20(1)(a).

¶49 In order to aid and abet a crime, the defendant need be only a willing participant. State v. Marshall, 92 Wis. 2d 101, 122, 284 N.W.2d 592 (1979). "Such participation as would constitute aiding and abetting does not even require that the defendant be present during the [crime]." Id. "One need not perform an act which would constitute an essential element of the crime in order to aid and abet that crime. It is only necessary that he undertake some conduct (either verbal or overt), which as a matter of objective fact aids another person in the execution of a crime, and that he consciously desire or intend that his conduct will in fact yield such assistance." Id.

¶50 As the court of appeals explained, "asportation... is a transaction which continues beyond the point in time when the property of another is taken." State v. Tourville, Nos. 2014AP1248-CR, 2014AP1251-CR, 2014AP1249-CR, 2014AP1250-CR, unpublished slip op., ¶8 (Wis. Ct. App. March 31, 2015) (citing State v. Grady, 93 Wis.2d 1, 6, 286 N.W.2d 607 (Ct. App. 1979)). "With regard to the crime of larceny in particular, it is generally held that one may be guilty of larceny as a principal where the crime was incomplete until he contributed his aid in the asportation or taking possession of and removal of stolen

20

property." Grady, 93 Wis.2d at 6 (citing Hawpetoss v. State, 52 Wis.2d 71, 78, 187 N.W.2d 823 (1971)).

¶51 We recognize that Tourville was not charged directly with committing felony theft. Rather, he was charged as a party to the crime of felony theft because he willingly aided the other thieves in their continued efforts to carry away the safe and the guns. Tourville aided the other thieves when he took them to his campsite, helped open the safe, and assisted in the disposal of the safe along the side of the road in a swamp. Indeed, he was even subsequently paid for his services. These facts provide a sufficient basis for Tourville's guilty plea to the charge of party to the crime of felony theft.

¶52 In sum, we conclude that Tourville's trial counsel was not ineffective. Because the State did not breach the plea agreement by arguing for consecutive sentences, Tourville fails to establish the deficient performance necessary for an ineffective assistance of counsel claim.

¶53 We also conclude that the circuit court's determination was not clearly erroneous. There was a sufficient factual basis to accept Tourville's guilty plea to the charge of party to the crime of felony theft. He willingly aided others who engaged in felony theft by taking them to his campsite, helping them open the safe, and disposing of the property. Accordingly, we affirm the court of appeals.

*By the Court.* – The decision of the court of appeals is affirmed.