PATIENCE DRAKE ROGGENSACK, C.J.
¶ 41. (concurring). I fully join the majority opinion. However, I write in concurrence to address what appears to be Justice Shirley Abrahamson's practice of lending the prestige of her judicial office to further private interests.
| 42. Justice Abrahamson says she writes to "compare Justice Rebecca G. Bradley's public approach *202 to the role of a new justice in deciding cases argued and pending on her appointment and the approach taken in the past in this court and in the United States Supreme Court regarding the role of a new justice."[1] However, an examination of what she says in her three separate writings, when combined with what she does not tell readers of those separate writings, evidences that she is engaged in a different pursuit.
f 43. Justice Abrahamson's writings repeatedly omit important facts well known to her; they are attached to court decisions in which her assaults on Justice Rebecca Bradley are not relevant to legal issues presented to the court for decision; and this is the third opinion since December 18, 2015, in which she has attacked Justice Rebecca Bradley by implying that her decisions about when to participate in cases pending before the court are improper.
¶ 44. Therefore, as Chief Justice of the Wisconsin Supreme Court, I write to provide transparency by setting out important facts known to Justice Abrahamson, which she has chosen to omit from her writings in three cases.
f 45. A brief narration of relevant historic facts is necessary to understand my concerns. On September 17, 2015 and September 18, 2015, Justice N. Patrick Crooks did not attend oral argument in six cases that were argued on those two days. He watched oral argument on WisconsinEye and then participated in our decision conferences by telephone. As arguments began on September 17 and again on September 18, I told counsel that Justice Crooks would be absent from oral argument, but would participate in the decision conference by phone.
*203 f 46. The court reached tentative decisions in five of the six cases argued. Justice Crooks would have participated in the released opinions of all cases that were tentatively decided if his death had not intervened.[2]
¶ 47. On September 17, we heard oral argument in St. Croix County, the case now before us. Justice Abrahamson asserts that Justice Rebecca Bradley is "Making a different and contrasting approach to this prior precedent."[3] However, Justice Abrahamson knows that Justice Crooks participated in St. Croix County in very much the same manner as Justice Rebecca Bradley has: both listened to oral argument on WisconsinEye and both participated in the decision conference, Justice Crooks by phone and Justice Rebecca Bradley in person when the court held a second decision conference. Furthermore, Justice Rebecca Bradley's decision to participate in St. Croix County is not a legal issue presented to the court for resolution in St. Croix County.
¶ 48. Twice before, once in a dissent and once in a concurrence, Justice Abrahamson omitted important facts known to her and in so doing, through the facts that she did relate, she drew into question the propriety of Justice Rebecca Bradley's decisions about *204 whether to participate in pending cases. The repetitive nature of her omissions of known facts heightens my concern.
¶ 49. For example, in her dissent in State v. Matalonis, 2016 WI 7, 366 Wis. 2d 443, 875 N.W.2d 567, Justice Abrahamson said, "the court heard oral argument in the instant case [Matalonis] and eight other cases. Justice N. Patrick Crooks participated in these nine cases."[4] Justice Abrahamson asserted that Justice Rebecca Bradley's "participation in those cases without a reargument appear[s] to be internally inconsistent and inconsistent with the court's prior practice."[5]
¶ 50. When she wrote her dissent in Matalonis implying impropriety in Justice Rebecca Bradley's participation because the court did not hold another oral argument, Justice Abrahamson knew that Justice Crooks did not participate in oral argument in Matalonis because she knew that he did not attend oral arguments on September 18. Nevertheless, Justice Abrahamson did not disclose to readers of Matalonis that Justice Crooks watched oral argument on WisconsinEye, just as Justice Rebecca Bradley has, and that his involvement in the decision conference was by telephone, while Justice Rebecca Bradley personally participated in a subsequent decision conference. Justice Abrahamson also did not disclose to readers of Matalonis that the court has no prior practice to follow when a justice joins the court midterm.[6] And finally, Justice Rebecca Bradley's decision *205 to participate in Matalonis is not relevant to deciding the legal issues presented by that case.
¶ 51. Justice Abrahamson's omissions have caused at least one reader to question Justice Rebecca Bradley's decision to participate in Matalonis, claiming that her participation violated Matalonis's rights of due process and equal protection.[7]
¶ 52. The first time Justice Abrahamson made allegations about Justice Rebecca Bradley's participation was in her concurrence to New Richmond News v. City of New Richmond, 2015 WI 106, 365 Wis. 2d 610, 875 N.W.2d 107, which was argued September 18. There, she wrote, "Prior to September 21, 2015 [the date of Justice Crooks' death], the court heard oral argument in nine cases. Justice N. Patrick Crooks participated."[8] Once again, when she issued her concurrence in New Richmond News, Justice Abrahamson knew that Justice Crooks did not participate in oral arguments for all of those cases because six cases were argued on September 17 and September 18 when Justice Crooks was absent from oral argument. She also knew that the court did not reach a tentative decision in New Richmond News at the decision con *206 ference on September 18 because she refused to vote, held the case and voted for the first time after Justice Crooks' death.
¶ 53. Omitting important facts known to her at the time of her writings permits Justice Abrahamson to imply that by deciding to participate in St. Croix County and Matalonis, and deciding not to participate in New Richmond News, Justice Rebecca Bradley violated established rules of this court.
¶ 54. Nothing could be further from the truth. As Justice Abrahamson well knows, this court has no procedure that directs how the court and the justices are to proceed when a justice leaves mid-term and another justice takes his or her place. Limited guidance is found in our Internal Operating Procedures which provide:
A justice may recuse himself or herself under any circumstances sufficient to require such action. The grounds for disqualification of a justice are set forth in Wis. Stat. § 757.19. The decision of a justice to recuse or disqualify himself or herself is that of the justice alone.
IOP, II.L.l. Although the IOP is not directly on point, it supports Justice Rebecca Bradley's decisions. Furthermore, Justice Abrahamson is well aware that Justice Rebecca Bradley did extensive research in advance of deciding how to proceed because Justice Rebecca Bradley shared her research with the court.
¶ 55. And finally, Justice Abrahamson is well aware that this court was presented with her version of United States Supreme Court procedures that she asserts are employed when a justice leaves the United States Supreme Court mid-term. She also knows that we did not adopt those procedures for use by Wisconsin *207 Supreme Court justices. All of those facts are missing from her three writings that attack Justice Rebecca Bradley.
¶ 56. Because Justice Abrahamson has omitted important facts from her separate writings that were well known to her when she personally attacked Justice Rebecca Bradley and because her attacks immediately preceded the election of a justice to our court, it appears that Justice Abrahamson is using the prestige of her judicial office to further private interests.
¶ 57. While Justice Abrahamson is free to speak in support of her political views in many other forums, as Justice Ann Walsh Bradley did in her public endorsement of Joanne Kloppenburg, Justice Rebecca Bradley's opponent in the April 5, 2016 election for supreme court justice, justices are constrained from doing so in court opinions, which should address legal issues presented to the court for decision. Accordingly, I respectfully concur in the majority opinion.
¶ 58. - I am authorized to state that Justice REBECCA G. BRADLEY joins this concurrence.

 Justice Abrahamson's dissent, ¶ 136.

 Justice Abrahamson asserts, "There is precedent in this court for a member of the court to do as Justice Crooks explained he would do." Justice Abrahamson's dissent, ¶ 141 n.53.
If there is "precedent" that was created by other justices' absences from oral argument and subsequent participations in the decision conference by phone as Justice Abrahamson asserts, it is not noted in our opinions. This absence is reasonable because the manner in which a justice participates has nothing to do with issues presented to the court for review.

 Justice Abrahamson's dissent, ¶ 147.

 State v. Matalonis, 2016 WI 7, ¶ 73, 366 Wis. 2d 443, 875 N.W.2d 567 (Abrahamson, J., dissenting)

 Id., I 82.

 The last death that occurred during a court term was that of Justice Horace Wilkie, who died May 23, 1976. Al *205 though Justice Abrahamson was appointed to replace him, she did not join the court mid-term as Justice Rebecca Bradley has. Rather, she began September 7, 1976, at the beginning of the court's term.

 The author of the motion for reconsideration states that "Justice Shirley S. Abrahamson provides much of the background of facts and circumstances pertinent to Matalonis' motion for reconsideration in her dissenting opinion, State v. Matalonis, 2016 WI 17, ¶¶ 68-84." Mot. for Recons. 2 n.2

 New Richmond News v. City of New Richmond, 2015 WI 106, ¶ 10, 365 Wis. 2d 610, 875 N.W.2d 107 (Abrahamson, J., concurring).