## COURT OF APPEALS
## DECISION
## DATED AND FILED

## October 31, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos. 2023AP38**
**2023AP39**

Cir. Ct. Nos. 2021TP10
2021TP11

**STATE OF WISCONSIN**

**IN COURT OF APPEALS**
**DISTRICT III**

---

NO. 2023AP38

IN RE THE TERMINATION OF PARENTAL RIGHTS TO C. T.-S.,
A PERSON UNDER THE AGE OF 18:

**J. S.,**

PETITIONER-RESPONDENT,

V.

**J. T.,**

RESPONDENT-APPELLANT.

---

NO. 2023AP39

IN RE THE TERMINATION OF PARENTAL RIGHTS TO C. T.-S.,
A PERSON UNDER THE AGE OF 18:

**J. S.,**

PETITIONER-RESPONDENT,

V.

**J. T.,**

    **RESPONDENT-APPELLANT.**

---

    APPEALS from orders of the circuit court for Chippewa County: JAMES M. ISAACSON, Judge. *Affirmed.*

¶1    GILL, J.[1]  Jasmine[2] appeals orders terminating her parental rights (TPR) to two of her sons, Cameron and Carter. Jasmine argues that she received ineffective assistance of counsel during the grounds phase of the TPR proceedings due to her counsel's failure to object to allegedly irrelevant evidence at trial— namely, a home assessment of the children's current placement and a social worker's testimony. We determine that Jasmine was not prejudiced by the admission of this evidence and, therefore, we affirm.

## BACKGROUND

¶2    Jasmine and Jack are the biological parents of Cameron and Carter. Jasmine consumed illegal substances during her pregnancies with Cameron and

---

[1] These appeals are decided by one judge pursuant to WIS. STAT. § 752.31(2) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

Cases appealed under WIS. STAT. RULE 809.107 "shall be given preference and shall be taken in an order that ensures that a decision is issued within 30 days after the filing of the appellant's reply." RULE 809.107(6)(e). Conflicts in this court's calendar have resulted in a delay. It is therefore necessary for this court to sua sponte extend the deadline for a decision in these appeals. *See* WIS. STAT. RULE 809.82(2)(a); ***Rhonda R.D. v. Franklin R.D.***, 191 Wis. 2d 680, 694, 530 N.W.2d 34 (Ct. App. 1995). Accordingly, we extend our deadline to the date this decision is issued.

[2] For ease of reading, we refer to the appellant, the children, and the associated family members in these confidential matters using pseudonyms, rather than their initials.

Carter, and they tested positive for drugs when they were born. Jack was adjudicated Cameron's father in January 2017 and Carter's father in November 2017. In June 2019, Jasmine overdosed, and both children began living with Jack and his wife, Ashley, on a full-time basis.

¶3 In June 2021, Jack filed a petition to terminate Jasmine's parental rights, alleging that she had failed to assume parental responsibility for both Cameron and Carter pursuant to WIS. STAT. § 48.415(6). A two-day jury trial was held to determine whether there were grounds to terminate Jasmine's parental rights.[3]

¶4 During the first day of trial, Jack called Beth Holm, a social worker, who testified about a home assessment that she conducted of Jack and Ashley's home due to Jasmine's drug addiction causing a case to be opened on Cameron and Carter. Holm noted that she appreciated the family's transparency, that Cameron and Carter "seemed to love it there," and that Ashley's mother was a "great support person" for Ashley and Jack. Holm testified that Ashley informed her "that they really wanted the children to get the best parents that they could have." Holm acknowledged that she had never met or spoken with Jasmine. On cross-examination, Holm clarified that her information on Jasmine was three years old at that time. At the conclusion of her testimony, Holm's home assessment report was received into evidence.

---

[3] "Wisconsin has a two-part statutory procedure for the involuntary termination of parental rights." *Steven V. v. Kelley H.*, 2004 WI 47, ¶24, 271 Wis. 2d 1, 678 N.W.2d 856. In the first step, the grounds phase, a fact finder must determine whether the petitioner has established the existence of one or more of the statutorily enumerated grounds for a TPR. *See* WIS. STAT. § 48.424(1)(a). In the second step, the dispositional phase, the "court is called upon to decide whether it is in the best interest of the child that the parent's rights be permanently extinguished." *Steven V.*, 271 Wis. 2d 1, ¶27.

¶5     Jack presented evidence during trial demonstrating that Jasmine failed to involve herself in the children's education. Jack testified that Jasmine never asked for any school reports related to Cameron and Carter or asked for Carter's individualized education plan. Cameron and Carter's school principal testified that she sent an individual introductory email and schoolwide emails to Jasmine, but the principal never received a response, and Jasmine never contacted the boys' school. Jasmine was aware of behavioral issues with Cameron and Carter at school, but she admitted that she did not contact anyone at their school to inquire further. Moreover, Jasmine had only twelve supervised visits with Cameron and Carter after they were removed from her full-time care, and her last visit with them prior to the trial was in March of 2021. Jasmine further testified that she had not attended any of the children's doctors' appointments or Carter's surgery since Cameron and Carter's removal from her home.

¶6     Following the close of evidence, the jury was instructed to determine whether Jack proved that there were grounds for the termination of Jasmine's parental rights. In weighing the evidence and making this determination, the jury was instructed not to consider Cameron's and Carter's best interests.

¶7     After the two-day trial, eleven out of the twelve jurors determined that Jasmine had failed to assume parental responsibility for both Cameron and Carter, meeting the five-sixths verdict requirement. The circuit court then found Jasmine to be an unfit parent, and after a dispositional hearing, the court found that the termination of Jasmine's parental rights was in Cameron's and Carter's best interests.

¶8     Jasmine filed a notice of intent to pursue postdispositional relief, and the circuit court subsequently held a hearing on Jasmine's claim of ineffective

assistance of counsel. During the hearing, appellate counsel asked Jasmine's trial counsel if he considered objecting to Holm's testimony about her home assessment on the basis of relevance, and trial counsel replied that "it had not crossed [his] mind" and "[i]t just was not on [his] sonar."

¶9 The circuit court denied Jasmine's request for a new trial, concluding she had failed to establish the prejudice prong of her ineffective assistance claim. The court summarized the evidence from the trial, stating that Jasmine did not participate in doctors' visits; did not contact the school or ask to see Cameron and Carter's school reports; did not attend the children's soccer games; had no visits for a period of months; had her last visit with the children in March 2021; and gave no Christmas presents to them in 2021. The court found that the evidence supported the jury's verdict. The court further noted that the jury was instructed not to consider the children's best interests, and it found that there was no likelihood of a different result on a retrial.

¶10 Jasmine now appeals. Additional information is provided below as necessary.

## DISCUSSION

¶11 Jasmine argues that she is entitled to a new trial because she received ineffective assistance of counsel during the grounds phase of the TPR proceedings when her attorney failed to object to Holm's testimony and report. "A claim of ineffective assistance of counsel presents a mixed question of law and fact." *State v. Thiel*, 2003 WI 111, ¶21, 264 Wis. 2d 571, 665 N.W.2d 305. "Findings of fact will not be reversed unless they are clearly erroneous." *State v. Tourville*, 2016 WI 17, ¶16, 367 Wis. 2d 285, 876 N.W.2d 735. "Findings of fact include the 'circumstances of the case and … counsel's conduct and strategy.'"

5

*State v. Pico*, 2018 WI 66, ¶13, 382 Wis. 2d 273, 914 N.W.2d 95 (citation omitted). The "ultimate determination of whether counsel's assistance was ineffective is a question of law, which we review de novo." *State v. Ortiz-Mondragon*, 2015 WI 73, ¶30, 364 Wis. 2d 1, 866 N.W.2d 717 (citation omitted).

¶12 To prevail on an ineffective assistance of counsel claim, a party must show "that [his or her] counsel's performance was deficient" and "that the deficient performance prejudiced" the party. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This two-prong test applies to ineffective assistance of counsel claims in TPR proceedings. *A.S. v. State*, 168 Wis. 2d 995, 1005, 485 N.W.2d 52 (1992). If a party "fails to satisfy either prong, we need not consider the other." *State v. Breitzman*, 2017 WI 100, ¶37, 378 Wis. 2d 431, 904 N.W.2d 93. "Courts may apply the deficient performance and prejudice tests in either order, and may forgo the deficient performance analysis altogether if the [individual] has not shown prejudice." *State v. Williams*, 2015 WI 75, ¶74, 364 Wis. 2d 126, 867 N.W.2d 736.

¶13 "Prejudice means that, but for counsel's unprofessional errors, there is a reasonable probability that the trial's outcome would have been different." *Id.* "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *State v. Nielsen*, 2001 WI App 192, ¶13, 247 Wis. 2d 466, 634 N.W.2d 325. When applying this principle, "reviewing courts are instructed to consider the totality of the evidence before the trier of fact." *State v. Johnson*, 153 Wis. 2d 121, 129-30, 449 N.W.2d 845 (1990).

¶14 Jack's TPR petition alleged that Jasmine had failed to assume parental responsibility for Cameron and Carter. "Failure to assume parental

6

responsibility" is established when it is proven that a parent "ha[s] not had a substantial parental relationship with the child." *See* WIS. STAT. § 48.415(6)(a). A "'substantial parental relationship' means the acceptance and exercise of significant responsibility for the daily supervision, education, protection and care of the child." Sec. 48.415(6)(b).

¶15     Jasmine alleges that her trial counsel performed deficiently by failing to object to Holm's testimony and report regarding Jack and Ashley's home assessment, as this information was "wholly irrelevant" to the question of whether Jasmine failed to assume parental responsibility for Cameron and Carter. Jasmine further argues that she was prejudiced by her counsel's errors. We conclude that Jasmine was not prejudiced by her counsel's performance at the grounds hearing. Accordingly, we need not address whether counsel's performance was deficient. *See* **Williams**, 364 Wis. 2d 126, ¶74.

¶16     Jasmine makes several arguments attempting to show that she was prejudiced by her counsel's failure to object to Holm's testimony and assessment report. First, Jasmine contends that the improperly admitted evidence allowed the dispositional factors to be introduced into the grounds phase of the TPR proceedings, and, therefore, this evidence should be deemed prejudicial as a matter of law. Jasmine also argues that the evidence regarding the character and nature of Jack and Ashley's home "tainted" the jury's ability to fairly assess all the other evidence. Specifically, Jasmine takes issue with Holm's testimony that Jack and Ashley were "transparent"; wanted to be the "best parents" they could be for Cameron and Carter; that the children "seemed to love it there"; and that Ashley's mother was a "great support person" for Jack and Ashley. Jasmine additionally argues that the prejudicial effect of Holm's testimony and report was "exacerbated by evidence regarding [Jack and Ashley's] plans for adoption."

7

¶17     Our analysis for each of these arguments is the same.  We presume that "jurors follow the jury instructions given by the [circuit] court." *Geise v. American Transmission Co.*, 2014 WI App 72, ¶26, 355 Wis. 2d 454, 853 N.W.2d 564.  Here, the jury was instructed to decide only whether Jasmine had failed to assume parental responsibility for Cameron and Carter.  Further, the jury was instructed not to consider dispositional factors—namely, the best interests of Cameron and Carter—in making its determination.

¶18     Jasmine fails to address the fact that the jury received these instructions.  Moreover, Jasmine does not allege any facts, nor cite to any cases, to overcome the presumption that the jury followed the instructions it received.  Rather, Jasmine merely supports her contention with the conclusory statement that "there is certain evidence, which by its very nature, if wrongfully admitted, compromises the integrity of the fact[]finder's decision" and arguing that her case "falls into [this] category[y]."

¶19     In support of this contention, Jasmine cites to *State v. Romero*, 147 Wis. 2d 264, 277, 432 N.W.2d 899 (1988), where our supreme court held that a witness's statements were impermissible when they opined on the truthfulness of another witness.  Jasmine also cites to *Fischer v. State*, 226 Wis. 390, 401, 276 N.W. 640 (1937) and *McCrossen v. Nekoosa Edwards Paper Co.*, 59 Wis. 2d 245, 268, 208 N.W.2d 148 (1973), for the proposition that some errors require a new trial because instructing the jury to disregard wrongfully admitted evidence would not cure the prejudicial effect of the evidence.  Lastly, Jasmine cites to *Lease America Corp. v. Insurance Co. of North America*, 88 Wis. 2d 395, 402, 276 N.W.2d 767 (1979), noting that the court ordered a new trial when evidence placed a party at an unfair surprise.

¶20    We conclude that Jasmine's legal authority cited in support of her prejudice argument is inapt.  No witness opined about the truthfulness of another witness's testimony.  Jasmine fails to explain why the testimony at issue was of a nature such that the jury could not disregard it as instructed.  And, Jasmine fails to explain why her surprise at this testimony unfairly disadvantaged her.  While the evidence at issue could cause the jury to conclude that Cameron and Carter would be cared for if Jasmine's parental rights were terminated, there is no evidence that the jury was unable to or did disregard the circuit court's instructions.  And Jasmine ignores the overwhelming evidence that showed her failing to assume parental responsibility for Cameron and Carter.  Accordingly, we reject Jasmine's prejudice arguments as undeveloped.  *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992).

¶21    Jasmine next argues that Holm's testimony and report were admitted under Holm's "capacity as a social services professional"; thus, Holm "was essentially rendering an expert opinion as to the quality of the home that [Jack and Ashley] provided to [Cameron and Carter]."

¶22    Even if we assume, without deciding, that Jasmine was correct in arguing that Holm impermissibly rendered an expert opinion, we conclude that the circuit court correctly found that Jasmine was not prejudiced by Holm's testimony.  Jasmine does not explain how Holm's testimony—presented as an expert—furthered its prejudicial impact.  Moreover, Jasmine argues that Holm rendered an expert opinion regarding the quality of Jack and Ashley's home.  As established above, we presume the jury followed instructions in considering only whether Jasmine assumed parental responsibility for Cameron and Carter and in not considering the best interests of the children.  Accordingly, we find no prejudice on this ground.

¶23    Finally, Jasmine argues that this was a "close case" based on the fact there was a dissenting juror and because the jury could have relied on evidence in the record to support a finding that Jasmine had not failed to assume parental responsibility.  We find this argument unpersuasive.

¶24    We first note that, while Jasmine is correct that one juror dissented from the verdict finding grounds for the TPR, Jasmine cites no legal authority to support her contention that one dissenting juror means the case was a "close call."

¶25    Further, Jasmine fails to meet her burden of showing a reasonable probability that the trial's outcome would have been different had her trial attorney objected to Holm's testimony and report.  *See **Oneida Cnty. Dep't of Soc. Servs. v. Nicole W.***, 2007 WI 30, ¶33, 299 Wis. 2d 637, 728 N.W.2d 652 (placing the burden on the defendant to prove that he or she was prejudiced).  As Jasmine argues, Holm's testimony bore little relevance to the issue of whether Jasmine failed to assume parental responsibility for Cameron and Carter.  The jury was instructed to consider only the question of Jasmine's failure to assume parental responsibility.  Again, we presume the jury followed the circuit court's instructions.  Jasmine has not addressed this presumption, much less made a showing sufficient to overcome it.

¶26    Jack argues, and we agree, that even if the matter had been tried without Holm's testimony regarding Jack and Ashley's home assessment, the jury would still hear overwhelming evidence supporting a finding regarding Jasmine's failure to assume parental responsibility for Cameron and Carter.  The jury heard that Jasmine did not participate in any doctors' visits after the children were removed from her care, or attend Carter's surgery; did not contact Cameron and Carter's school or ask for documentation regarding their curriculum or Carter's

individualized education plan; failed to attend Carter's soccer games; did not give Christmas gifts in 2021; and did not visit the children for months, with her last visit being in March 2021. The jury also heard about Jasmine's drug use during her pregnancies and her drug overdose while she had partial custody of Cameron and Carter. Thus, we conclude that it is not reasonably probable that a jury would have reached a different result had Holm not testified. Accordingly, we affirm.

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.